WILLIE WELLS *v.* G. N. McNUTT.*

(*Knoxville,* September Term, 1916.)

**NEGLIGENCE.   Children.   Age at which chargeable with contributory negligence.   Presumption.   Question for jury.**

There is a presumption, nonconclusive and rebuttable in character, that a child under seven years of age is not guilty of contributory negligence, for lack of capacity, and, where there is opposing evidence, the capacity of the infant is an issue of fact for the jury.

Cases cited and approved: Westbrook v. Railroad, 66 Miss., 560; Baker v. Railroad, 17 Ann. Cas., 353; Baker v. Public Service R. Co., 79 N. J. Law, 249; Purcell v. Boston Elevated R. Co., 211 Mass., 79; Ramberger v. Citizens' St. R. Co., 95 Tenn., 18.

---

FROM KNOX.

---

Appeal from the circuit court of Knox County.— VON A. HUFFAKER, Judge.

F. E. LAUGHEAD, for appellant.

J. HARRY PRICE, for appellee

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Plaintiff, a child of six years old, sues for personal injuries claimed to have been negligently caused by defendant while operating an automobile on one of the streets of Knoxville.   The jury's verdict was in favor of defendant.

---

*For authorities passing on the question as to when question of contributory negligence of child is question of fact for the jury, see note in 17 L. R. A., 79.

The sole assignment of error to be considered in this opinion relates to the trial judge's refusal to give the following request to charge, tendered by plaintiff:

"I charge you that Willie Wells, being but six years of age at the time she was injured, on account of her tender years and because she had not reached the age of discretion, cannot be chargeable with contributory negligence."

Instead, the trial judge charged, in substance, that it was for the jury to determine whether plaintiff by reason of her tender age was incapable of exercising any degree of care, and that she was required by the law to exercise only the degree of care which an ordinarily prudent child of her age might have been expected to use under like circumstances.

The Court of Civil Appeals on appeal held that there was no error in the rulings of the lower court; and we are asked to review and reverse the judgment of the appellate court.

As seen, the insistence of the plaintiff, as petitioner, is that an infant of the age of six years as a matter of law had not the capacity of being guilty of negligence that could contribute to the injuries suffered by her.

The question of contributory negligence on the part of children of tender years is one on which the courts have differed. That this is true is manifest from the text, as well as the cases cited, in 29 Cyc. 537-539:

"While it has been held that the law has pre-
sribed no definite age at which a child must arrive
before it can be charged with contributory negli-
gence, practically no cases are found which hold that
a child under six years of age can be charged with
negligence. The decisions are conflicting as to
whether children of six are chargeable with negli-
gence or not, some holding that they are not, others
that they may be, although not as a matter of law.
After the age of seven the rule is that the child
may be chargeable with contributory negligence."

It is apparent that some of the courts have been
influenced by the rule of the criminal law exempting
children under seven from responsibility for crime,
or that for convenience they have adopted the
criminal rule as analogous in the administration of
civil remedies. The difficulty, as we conceive, has
arisen by reason of some courts carrying the an-
alogy too far. In the criminal law a presumption
conclusive in character is raised by the law that
an infant up to the age of seven is incapable of
understanding the nature of crime and can in no
event be held responsible therefor.

We are of opinion that the true rule in civil ac-
tions is that there is a presumption, nonconclusive
and rebuttable in character, that a child under
seven years of age is not guilty of contributory
negligence, for lack of capacity.

Convenient, because definite, as would be the rule
fixing that period for the application of a conclusive

Wells v. McNutt.

presumption, it is apparent that it would not operate justly in all civil cases. There should not be fixed arbitrarily any age when an infant is presumed, as a matter of law, to be capable of exercising discretion and care. Some children mature earlier than others; some have natural capacity or better training in habits of thought than others who are older. Moreover, care or lack of care is a thing related to the particular surroundings, simple or complex, of the accident under investigation. It is also easily conceivable that a child nearly seven years of age by reason of living near the scene of the injuries may be better acquainted with and appreciative of the dangers incident to it than some other child of fifteen unacquainted with it.

Prima facie a child of six is not guilty of contributory negligence, but the defendant is not precluded from insisting that, under the facts disclosed in the particular case, the infant had capacity to be and was negligent. The capacity of the infant is, then, one of fact for the jury to pass upon, and not one of law for the court. The trial judge therefore did not err in refusing the request tendered. *Westbrook* v. *Mobile, etc., R. Co.* 66 Miss. 560, 6 South, 321, 14 Am. St. Rep., 587, and note; note to *Baker* v. *Seaboard, etc., R. Co.,* 17 Ann. Cas., 353; *Baker* v. *Public Service R. Co.,* 79 N. J., Law, 249, 75 Atl., 441; *Purcell* v. *Boston Elevated R. Co.,* 211 Mass., 79, 97, N. E., 626.

To charge as requested in relation to a child three or four years of age (*Bamberger* v. *Citizens' St. R. Co.,* 95 Tenn., 18, 31 S. W., 163, 28 L. R. A., 486, 49 Am. St. Rep., 909), or in a case where no facts were developed to overcome the *prima facie* case, might not be reversible error. A number of the cases cited in support of the doctrine of conclusive presumption as a matter of law merely so hold.

Sufficient facts appeared in the pending case to take to the jury the determination of the question of fact of the capacity of plaintiff.

The judgment of the court of Civil Appeals holding that of the circuit court to be correct is affirmed.