## Chas. J. Townsley *v.* Yellow Cab Co.*

### (*Jackson.* April Term, 1921.)

1. **NEGLIGENCE. Care as to children defined.**

Children of tender years are entitled to a degree of care from others proportioned to their inability to foresee and avoid the perils which they may encounter, and those chargeable with a duty of care and caution toward them must calculate upon their action under impulse and take precaution accordingly. (*Post, pp.* 93, 94.)

Cases cited and approved: Whirley v. Whiteman, 38 Tenn., 610; Robinson v. Cone, 22 Vt., 213; Camden v. Broom, 139 Fed., 595; Deputy v. Kimmell, 73 W. Va., 595.

Case cited and distinguished: Ficker v. Cleveland, etc., R. Co., 7 Ohio N. P., 600.

2. **MUNICIPAL CORPORATIONS. Evidence held to raise jury question as to negligence of automobile driver who struck child.**

In an action for the death of an eleven year old girl struck by a taxicab, evidence that the girl and her companion stopped on seeing the taxicab, but after the taxicab had stopped, or practically stopped, the girl started to cross in front of it, and was struck as it was stating up, *held* to raise a question for the jury as to the driver's negligence. (*Post, pp.* 94, 95.)

3. **MUNICIPAL CORPORATIONS. Contributory negligence of child struck by automobile held for the jury.**

Where an eleven year old girl stopped on seeing defendant's automobile, but started to cross in front of it when she saw the automobile was stopping, the question of her contributory negligence was a question for the jury, in view of the rule that young

---

*The question of negligence of child in running in front of automobile is discussed in a note in 26 L. R. A. (N. S.), 435.

On question of fact as to negligence of child see note in 11 L. R. A. (N. S.), 168.

children are bound to use only such care as is usually exercised by children of the same age and degree of intelligence. (*Post, pp.* 95, 96.)

Case cited and approved: Powers v. Harlow, 53 Mich., 507.

Case cited and distinguished: Wells v. McNutt, 136 Tenn., 274.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. BEN S. CAPELL, Judge.

JOS. H. NORVILLE and MONTEVERDE & GLANKLAR, for plaintiff.

JOHN D. MARTIN and ANDREW J. DONELSON, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the plaintiff, as administrator of his daughter, Margaret Townsley, to recover damages for her death which resulted from being run over by a taxicab belonging to the defendant. A motion for a directed verdict in favor of the defendant was sustained by the trial court. This judgment was affirmed by the court of civil appeals. We granted plaintiff's petition for *certiorari* and the case has been heard here.

The deceased, Margaret Townsley, was eleven years old, and lived with her mother on Poplar street in the city of Memphis. On the day she was hurt the child had gone to visit a neighbor, Mary Volt, another little girl about ten years of age, who lived across the street.

Mary Volt accompanied Margaret Townsley when the latter started to return home. The two children undertook to cross Poplar street together from the south side to the north side. There was a double car track on the street at this point, and the children in crossing had passed over the south track and were on the north track when they saw a taxicab beyond the north track, nearly upon them. They stopped, and the chauffeur saw them and brought the car to a stop or nearly to a stop. Just what the distance was between the taxicab and the little girls when they all paused is not clear on the record. Mary Volt was the only eyewitness of the accident who was introduced. The distance certainly, however, was not great.

After the children stopped the chauffeur put his car in motion, and at about the same time, perhaps a little later, Margaret Townsley undertook to run across in front of the car. Mary Volt remained standing. Margaret Townsley was unable to clear the car before it struck her, and was knocked down and received injuries from which she died. The accident happened late in the afternoon, about dusk.

The question presented upon the record is whether the trial judge was justified in directing a verdict in favor of the defendant upon these facts.

Years ago, in *Whirley v. Whiteman,* 1 Head. (38 Tenn.), 610, this court expressly approved *Robinson v. Cone,* 2 Vt., 213, 54 Am. Dec., 67, to the effect that children of tender years are entitled to a degree of care from others proportioned to their inability to foresee and avoid the perils which they may encounter, and hold-

ing that—"What would be but ordinary neglect, in regard to one whom the defendant supposed a person of full age. and capacity, would be gross neglect as to a child, or one known to be incapable of escaping danger."

Such is the general rule. 20 R. C. L., 37; 29 Cyc., 429. A statement of an Ohio court in this connection is frequently quoted:

"Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them, must calculate upon this, and take precaution accordingly." *Ficker* v. *Cleveland, etc., R. Co.,* 7 Ohio N. P., 600.

This language has been adopted by the United States circuit court of appeals for this circuit in *Camden* v. *Broom,* 139 Fed., 595, 71 C. C. A., 641, in *Deputy* v. *Kimmell,* 73 W. Va., 595, 80 S. E., 919, L. R. A. (N. S.), 989, Ann. Cas., 1916E, 656, and in other cases. We think it is a correct statement of the law.

The case before us differs on its facts from those relied on by the defendant. This is not a case where a child ran out suddenly from the sidewalk, or from behind an obstruction, and the peril was discovered too late for the driver of an automobile to avoid a collision.

In this case these children were seen in the street and on their way across by the driver, and he brought the car to a stop to avoid striking them. They passed and he paused. Taking into consideration their tender years and consequent irresponsibility, did the operator of this taxicab have a right to assume that the children would remain stationary until he passed them? Did the chauffeur, having seen the peril of the children and brought

his car to a stop, have the right to assume that he might safely go forward, while the children were hesitating in dangerous proximity. If the chauffeur was justified in putting his car in motion before the children had passed across, should he not have had it under such control as to avoid any collision that a childish impulse might render probable?

"The situation which presented itself to these children is one that often confuses an adult. Whether or not to accept the apparent invitation of a vehicle that has seemingly paused to give a pedestrian an opportunity to pass in front of it puzzles all of us at times.

We cannot rest easily on the conclusion that the operator of this taxicab under the circumstances of this case as a matter of law acted with ordinary prudence. We think this is a question about which reasonable minds might differ and the answer thereto should have come from the jury.

So far as the contributory negligence of the deceased was concerned, considering her years, that was clearly a question for the jury under the reasoning of *Wells* v. *McNutt*, 136 Tenn., 274, 189 S. W., 365.

"The great bulk of the decided cases takes the view that young children are bound to use such care, and such care only, as is usually exercised by children of the same age, and degree of intelligence; and that it is therefore a question of fact, to be determined by the jury, whether, in a given case, the child is in the exercise of proper care, his tender years, his intelligence or the want of it, and all the circumstances by which he was surrounded being taken into account." Note, 11 L. R. A. (N. S.), 168.

The judgment of the trial court and of the court of civil appeals is accordingly reversed, and this case remanded for a new trial.

A further investigation discloses that the language "children, wherever they go," etc., above quoted, was first used by Judge COOLEY in *Powers* v. *Harlow,* 53 Mich., 507, 19 N. W., 257, 51 Am. Rep., 154.