CRESCENT AMUSEMENT COMPANY v. NOLA WALKER BYRNE, By next friend.

Middle Section. November 20, 1926.

No petition for Certiorari was filed.

1. **Theatres and shows.** The owners of theatres and places of amusement where children are invited must keep such places reasonably free from danger to such children.

   The owners of moving picture shows, theatres and places of amusement where children are invited, and frequent, must keep such places in such condition as will be reasonably free from danger to such children.

2. **Theatres and shows.** Test of liability of theatres and shows for damages for injuries.

   The test of liability is whether ordinarily prudent persons engaged in a like business would know or might reasonably apprehend danger to such children from such unguarded, dangerous conditions.

3. **Theatres and shows.** Evidence. Evidence held to show plaintiff's injuries were due to negligence of theatre.

   In an action by an infant plaintiff to recover for injuries sustained from falling from the gallery of a picture show where the evidence showed

that the window was closed by shutters, but that the shutters were rotten and the locks had been destroyed so that the same could be opened by the slightest pressure, held that the theatre was negligent in allowing an opening to remain in this condition and plaintiff could recover.

4. **Damages.** **The assessment of damages is a matter for the jury.**

The jury are the proper judges of damages and where there is no certain measure of damages, the Appellate Court will not ordinarily disturb the verdict unless on grounds of passion, prejudice or caprice on the part of the jury.

5. **Damages.** **One thousand dollars held not excessive damages for injuries received by infant falling from an upper floor of a picture show.**

Where the evidence showed that the plaintiff was only four years old and that she had sustained serious injuries, held that a verdict of one thousand dollars was not excessive.

Appeal in Error from Circuit Court of Davidson County; Hon. A. B. Neil, Judge.

Affirmed.

C. Wade Wilkes, of Nashville, for plaintiff in error, Crescent Amusement Co.

J. G. Lackey and Jeff McCarn, of Nashville, for defendant in error, Byrne.

CROWNOVER, J. This was an action for damages for personal injuries sustained by the defendant in error, Nola Walker Byrne, a child, four years of age, while attending a moving picture show owned and operated by the plaintiff in error, known as the Fifth Avenue Theatre in Nashville, which injuries were caused by the plaintiff below falling from a window in the balcony to a concrete sidewalk fifteen or eighteen feet below.

It is charged in the declaration that the plaintiff, while in the theatre dropped her hat on the floor behind her seat and left her seat for the purpose of regaining possession of her hat, and in doing so found herself near a window that opened from said theatre into an alley; that the window was closed with solid wooden shutters which appeared safe and secure, and that it being a convenient and inviting place, particularly to a child, and apparently safe and free from danger, the plaintiff sat in the window rather than climb back to the seat from which she had gone, and being a child of tender years and without discretion of an older person, leaned against the shutters of the window, which were entirely loose and could be opened with the slightest pressure of her body, causing her to fall to a concrete pavement fifteen or twenty feet below, as a result of which she sustained injuries.

The defendant below pleaded the general issue.

There was another count in the declaration making Tony Sudekum a defendant, but the plaintiff took a nonsuit as to him before the case was submitted to the jury.

At the close of the proof the defendant below moved the court for peremptory instructions but the motion was overruled and the case was submitted to the jury and a verdict for $1,000 was returned for the plaintiff below. The defendant's motion for a new trial was overruled and it has appealed in error to this court and has assigned three errors, which are as follows:

"(1) The court erred in refusing to grant the motion for peremptory instructions on behalf of the defendant made at the conclusion of all the evidence.

(2) The court erred in declining to grant the motion of defendant for a new trial because there was no material evidence to support the verdict.

(3) The court erred in declining to grant the motion of the defendant because the verdict was excessive, so excessive as to indicate prejudice, passion, and caprice upon the part of the jury."

It should be stated that the charge of the court is not in the record and no complaint is made as to the charge. It will thus be seen that there are only two questions in this case—one is whether there is any material evidence to sustain the verdict and the other is whether it is excessive, both of which require a review of the facts.

The material facts necessary to be stated are that the plaintiff in error, the Crescent Amusement Company, owned and operated the picture show known as the Fifth Avenue Theatre in the city of Nashville. The theatre consisted of a lower floor and a balcony. The balcony had windows that opened out into an alley. These windows were provided with two wooden shutters attached to each side of the window to be closed and fastened in the middle of the window. The window where the accident occurred was about three feet wide and the wall was about eighteen inches thick, so that when the shutters were closed there was some space on the window sill on the inside of the shutters. The window sill was about one foot above the floor and was almost even with the seats in the theatre.

The balcony was provided with rows of seats, with an isle in the middle, but no isle next to the walls, and each row of seats extended from the wall out to the isle.

The theatre was patronized by children as well as adults, who paid admission fees, but children under six years of age were invited and admitted without pay.

On the day of the accident in question the theatre was crowded, and the plaintiff, accompanied by her brother, thirteen years of age, attended the theatre for the purpose of seeing a picture show. He paid admission but she was admitted free. The theatre being

somewhat crowded they had to go up into the balcony and went into the third row from the front and occupied two seats near the wall on the north side, plaintiff occupying the seat next to the wall and immediately in front of the window. During the performance her hat fell on the floor behind the row of seats occupied by her and her brother. She climbed over the back of the seat to regain possession of her hat, and found herself in a row of seats that were not occupied, which row extended from the aisle to the window, and after staying there for a few seconds or a minute she stepped up on to the window sill and leaned against the shutters which opened and she fell out of the window on to the concrete pavement and sustained injuries for which she sues.

The window shutters had originally been provided with a bolt in the middle, and also a catch at the bottom that fastened to the sill, but an examination of the window next day disclosed the fact that the attachment to the shutters in which the bolt was to be fastened was gone, and that the attachment on the window sill where the catch on the bottom of the shutters was intended to be used in order to fasten the shutters was also gone. It was further disclosed that the window sill had decayed and was rotten and spongy so that it would not hold the attachments used to fasten the window, and the shutters without such fastenings were easily pushed open by the slightest pressure.

Now, under this state of facts we think that the trial Judge was not in error in overruling the motion for peremptory instructions, as we think that it was a question for the jury.

"In accordance with the well-settled rule that an owner or occupant of lands, or buildings who directly or by implication invites or induces others to go thereon or therein owes to such persons a duty to have the premises in a reasonably safe condition and to give warning of latent or concealed perils, one who maintains a public resort or place of amusement is required by law to keep it in a reasonably safe condition for those who properly frequent the place. Where the public is invited to attend, it is the duty of the one who so invites to exercise all proper precaution, skill and care commensurate with the circumstances to put and maintain the place and every part of it in a reasonably safe condition for the uses to which it may rightly be devoted." See 26 R. C. L., sec. 14, p. 713.

"The owner of a place of entertainment is charged with an affirmative positive obligation to know that the premises are safe for the public use, and to furnish adequate appliances for the prevention of the injuries which might be anticipated from the nature of the performance, and he impliedly warrants the premises to be reasonably safe for the purpose for which they are

designed. He is required to use care and diligence to put and keep the premises and appliances in a reasonably safe condition for persons attending; and if he fails to perform his duty in this respect so that the premises or appliances are in fact unsafe, he may be held liable for personal injuries occasioned thereby, and he will not be exonerated merely because he had no precise knowledge of the defective condition of the place to which he has invited the public, or because the exhibition where the injury was received was provided and conducted by an independent contractor." 38 Cyc., 268-9.

"Years ago, in Whirley v. Whiteman, 1 Head, 610, this court expressly approved Robinson v. Cone, 2 Vt., 213, 54 Am. Dec., 67, to the effect that children of tender years are entitled to a degree of care from others proportioned to their inability to foresee and avoid the perils which they may encounter, and holding that—'what would be but ordinary neglect, in regard to one whom the defendant supposed a person of full age and capacity, would be gross neglect as to a child, or one known to be incapable of escaping danger.' . . .

" 'Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them, must calculate upon this, and take precaution accordingly.' Ficker v. Cleveland R. Co., 7 Ohio, N. P. 600." See, Townsley v. Yellowcab Co., 145 Tenn., 91; 20 R. C. L., p. 37, sec. 32; p. 124, secs. 105-6; Miller v. George B. Peck Dry Goods Co., 104 Mo. App., 608, 78 S. W., 682; O'Rouke v. Marshall Field & Co., 307 Ill., 197, 27 A. L. R., 1014 and Notes; Roche v. St. John's Riverside Hospital, 160 N. Y. Supp., 401; and Notes 29 A. L. R., 29-30, and 44 A. L. R., 209.

The case of Miller v. George B. Peck Dry Goods Company, supra, is very much in point. Where a department store maintained a rest room for the accommodation of its women customers, accompanied by small children, the department store owner was held liable for injuries to a small child which had been left by its mother in the rest room in care of a friend, caused when the child, in playing around a room, fell out of a full-length pivot window, which had no guardrails to prevent the children from falling out. The court said:

"It certainly should occur to any careful man that a window hung on pivots so as to swing out from the bottom, coming to the floor of a room in the third story of a building, and not opening out onto a balcony, the room to be occupied by large numbers of women and small children, should have more safety guard than merely two bolts which could be so easily with-

drawn. The law as to the duty that a person owes to those he invites onto his premises has been so uniformly stated as that it has grown to be uncontroverted that he must keep his premises in such condition as to be reasonably free from danger, and that if necessary he maintains dangerous places in the prosecution of his business he must have them guarded, or give warning of their existence . . . The difference between this case and ordinary cases lies in that the plaintiff, being a mere helpless infant, was not on the defendant's premises for the transaction of business with defendant. But that difference in fact makes no difference in point of law. For, it being shown that the defendant maintained the room as a reception or waiting room for women patrons of the store who were accompanied by their children, the invitation which the defendant gave out to the trading public must be held to include such children as plaintiff, who were taken there by their parents. From this it follows that the same duty which the owner owes to his customer, he likewise owes to the customer's child.''

In the case of O'Rouke v. Marshall Field & Company, supra, it was held that a department store owner, who in connection with his store, maintained the playroom for the use and amusement of the customers' children, must take reasonable care in providing a reasonably safe place for the children to play, so that if the store owner negligently allows defective apparatus to remain in a play room, and a customer's child playing in the room is injured, the owner will be liable in damages for the injury.

In the case of Roche v. St. John's Riverside Hospital, supra, the court reaffirmed, that one who receives an infant of tender years under his charge, either gratuitously or otherwise, owes the legal duty of due care to prevent injury. And it is there held that a hospital authorized to make contracts with its patients, which, for a valuable consideration, receives and agrees to care for an infant while the mother is undergoing treatment at the hospital, will be liable for the death of the infant resulting from burns received when the child's head, in some manner, came in contact with a hot radiator pipe while it was under the care of the hospital.

From the above cited cases it will be seen that it makes no difference whether the child paid admission, if she was an invitee. One who holds a complimentary pass is an invitee and may recover for injuries caused by such negligence. See Demarest et al. v. Palisades Amusement Co. (N. J.), 127 Atl. Rep., 536.

After a review of our Tennessee cases we do not think that it could be contended that a child of four years of age was guilty of contributory negligence, or at most it was a question for the

jury. See Wells v. McNutt, 136 Tenn., 274-6; Townsley v. Yellow-cab Co., 145 Tenn., 91; Bamberger v. Street Railway Co., 95 Tenn., 18. However, no such contention is made by the plaintiff in error and it is not necessary for us to discuss this proposition.

We think the evidence was sufficient for the case to go to the jury. It is our duty to view the evidence in that aspect most favorable to the winning party below, and this court will not reverse the lower court on the facts where there is any material evidence to support the verdict.

So we hold that the owners of moving picture shows, theatres and places of amusement, where children are invited and frequent, must keep such places in such condition as will be reasonably free from danger to such children. The test of liability is whether ordinarily prudent persons engaged in like business would know or might reasonably apprehend danger to such children from such unguarded dangerous conditions. It results that the first two assignments of error must be overruled.

After an examination of the record we do not think that the third assignment of error is well taken, as we do not think that the verdict was excessive. The defendant in error suffered a fractured or broken ankle and also received a cut under the chin and other bruises or wounds. She was unconscious for five or six hours and had to remain in the hospital for a week. Her leg was put into a plaster cast and there remained for one month. She was confined to her bed for more than three weeks after she left the hospital, and limped for six months. Her parents state that her leg is easily hurt and that she suffered pain from her injuries. There was material evidence as to her injuries.

Where there is material evidence of the injuries and the elements that enter into the question for which one is entitled to recover damages, it, at least, is a matter dependent largely upon the judgment of the jury, and their sound discretion, after carefully, honestly, and fairly considering all the various elements that enter into the question. In trials at common law, the jury are the proper judges of damages; and where there is no certain measure of damages, the court will not ordinarily, disturb their verdict, unless on grounds of passion, prejudice or caprice on the part of the jury; and this court has no more right to weigh the evidence and to disturb the verdicts of juries on the question of the amount of damages, in such cases, than it has on any other question of fact, unless the verdict is so excessive as to evince passion, prejudice or caprice on the part of the jury. See Ferry Companies v. White, 99 Tenn., 272; Davidson Benedict Co. v. Severson, 109 Tenn., 572; 5 Michie's Tenn. Ency. Dig. 196; Opinion of this court in Dupont Engineering Co. v. Rogers, Davidson County Law, by Faw, P. J., 1920, petition

for certiorari being denied by the Supreme Court on February 19, 1921. We see nothing that indicates passion, prejudice or caprice on the part of the jury; hence, this assignment must be overruled.

It results that all the assignments of error are overruled and the judgment of the lower court is affirmed. The cost of the appeal is adjudged against plaintiff in error and the sureties on its appeal bond, for which execution may issue.

Faw, P. J. and DeWitt, J., concur.