## J. J. TAYLOR et al. v. L. C. ROBERTSON, Admr.

Middle Section. July 26, 1930.

Montague S. Ross, of Nashville, and Howard E. Brown, of Dickson, for plaintiffs in error, Taylors.

Avery Handly, of Nashville, and J. J. Clement, of Dickson, for defendant in error, Admr.

CROWNOVER, J. This action for damages was brought by the Administrator for the wrongful death of his intestate, Charles Baker Robertson, a five and a half year old boy, who was run over and killed by an automobile owned by J. J. Taylor and being driven by his minor son, Robert Taylor. The action was tried on two counts in the declaration: first, one on common law negligence; and second, violation of the State law fixing the speed limit at thirty miles per hour.

The jury returned a verdict for $5250 in favor of the plaintiff Administrator and against defendants. The defendants have appealed in error to this court and have assigned three errors:

(1) That the Court erred in charging the jury that no negligence could be attributed to a child five and a half years of age, and in refusing to charge that it was a question for the jury to decide whether the child was guilty of contributory negligence, taking into account the capacity and intelligence of the child.

(2) That the Court erred in refusing to set aside the verdict in this case and in refusing to grant a new trial because of the

misconduct of the jury in discussing among themselves while considering of their verdict the fact that the defendants had liability insurance.

(3) That the Court erred in refusing to charge defendants' special request that if the jury should find that the deceased, Charles Baker Robertson, was guilty of negligence, or that his two parents, L. C. Robertson and Hallie Lee Robertson, the beneficiaries, were both guilty of negligence, and that the negligence directly and proximately contributed to the accident and injuries, the plaintiff could not recover, but if the contributory negligence of either the deceased or his parents only remotely contributed to the accident and injuries, the jury should reduce the damages accordingly.

The deceased, Charles Baker Robertson, five and a half years of age, was run down and killed on College Street, in the town of Dickson, by an automobile owned by the defendant J. J. Taylor and driven by his minor son, Robert Taylor. He was going from his residence, across said College Street, to his father's place of business, and was alone.

College Street is within the corporate limits of the town of Dickson and is a continuation of the Memphis to Bristol Highway, on which there is much automobile traffic.

The little boy was standing on the north margin of College Street, which he was preparing to cross, when he was observed by his father, who saw the Taylor automobile rapidly approaching and rushed out into the street and attempted to stop it, but his efforts were futile and the car ran over the child, from which injuries he died within fifteen minutes.

The evidence tended to show that Robert Taylor was coasting down a long hill at a rapid rate of speed with nothing to obstruct his view of the little boy standing on the north side of the street. He put on his brakes about two hundred feet west of the child, the brakes locked on the left wheel and the car skidded, swerving from the south side of the road, which was Taylor's right, over to the north side of the street and then back to the south side, and there were skid marks made by the car on the pavement for ninety feet up the hill to the west margin of Mulberry Street. Several witnesses stated that the car was running from thirty to forty miles per hour.

The theory of the defendant was that the little boy ran across College Street to the south side, that Taylor turned to his left, thinking he would go behind the child, but as he approached, the little boy then turned and ran back across the street to the north side, which caused Taylor to turn to his right and made the car skid and strike the child.

1. The first assignment of error is that the court erred in charging the jury as follows:

"I charge you, gentlemen, ' that no negligence can be attributed to the child, Charles Baker Robertson. A child of five and a half years cannot be held responsible for its acts to the extent that negligence can be attributed to it, so as to defeat a recovery, if the defendant was guilty of negligence that proximately caused the accident."

and in refusing to charge the special request that it was a question for the jury to decide whether the child was guilty of contributory negligence, taking into account the child's mental capacity and intelligence.

We are of the opinion that the trial court affirmatively erred in charging that a child five and a half years of age could not be held responsible for contributory negligence as a matter of law. But we may say at the outset that we cannot hold the court was in error in not charging the special request on the subject, because the request was not preserved in the bill of exceptions. The fact that it is copied into the transcript or into the motion for a new trial is not sufficient, which will be hereinafter reviewed more fully under the third assignment of errors.

It has been held by the Tennessee cases that a very young child of the age of three or four years, cannot, as a matter of law, be guilty of contributory negligence. Whirley v. Whiteman, 1 Head, 609; Bamberger v. Citizens St. Ry. Co , 95 Tenn., 18, 31 S. W., 161; Crescent Amusement Co. v. Byrne, 3 Tenn. App., 425.

But our Supreme Court, in the case of Wells v. McNutt, 136 Tenn., 274, 189 S. W., 365, after stating that the decisions are conflicting as to whether children of six are chargeable with negligence or not, some holding that they are not, others that they may be, although not as a matter of law, said:

"We are of opinion that the true rule in civil actions is that there is a presumption, nonconclusive and rebuttable in character, that a child under seven years of age. is not guilty of contributory negligence, for lack of capacity.

"Convenient, because definite, as would be the rule fixing that period for the application of a conclusive presumption, it is apparent that it would not operate justly in all civil cases. There should not be fixed arbitrarily any age when an infant is presumed, as a matter of law, to be capable of exercising discretion and care. Some children mature earlier than others; some have natural capacity or better training · in habits · of thought than others who are older. Moreover, care or lack of care is a thing related to the particular surroundings, simple or complex, of the accident under investigation. It is also

easily conceivable that a child nearly seven years of age by reason of living near the scene of the injuries may be better acquainted with and appreciative of the dangers incident to it than some other child of fifteen unacquainted with it.

"Prima facie a child of six is not guilty of contributory negligence, but the defendant is not precluded from insisting that, under the facts disclosed in the particular case, the infant had capacity to be and was negligent. The capacity of the infant is, then, one of fact for the jury to pass upon, and not one of law for the court."

Other Tennessee cases, where the child was of the age of five, seven, eight, eleven, twelve, thirteen and fourteen years, have held that it was a question of fact, to be determined by the jury, in a given case, taking into consideration his age, intelligence, experience, knowledge of the circumstances, and capacity to know and appreciate the danger. See Townsley v. Yellow Cab Co., 145 Tenn., 91, 237 S. W., 58; Manning v. American Clothing Co., 147 Tenn., 274, 247 S. W., 103; Verran v. Town of Greeneville, 4 Tenn. App., 422; Burckell v. Memphis St. Ry. Co., 2 Higgins, 576; Opinion by Presiding Judge Faw in the case of Abraham Solomon and wife v. Hugh Farmer, Admr., Hamilton County Law, decided at Nashville, 3rd day of November, 1923. Petition for certiorari denied by the Supreme Court the 2nd day of February, 1924.

As stated in Elliott on Railroads (3 Ed.), 877-8, sec. 1800:

No child on arriving at a certain age "makes a sudden leap from darkness into light, from mental incapacity to judgment and discretion, from inability to exercise any discretion or care to ability to exercise distinction and care. We think, therefore, that there is no foundation for any such presumption, and that the better rule is that it is usually for the jury to determine, without regard to any such arbitrary presumption, whether the particular child has exercised such care, if any, under the circumstances, as might reasonably be expected of a child of his age and capacity."

Thompson on Negligence (2 Ed.), vol. 1, sec. 313, says:

"If there is any doubt as to the child being of the age and capacity that in law constitutes one sui juris, it should be submitted to the jury to say by their verdict whether he is so or not. Such was held to be the proper course in the case of a child of . . . five years, less than five years, and four years and seven months."

Berry on the Law of Automobiles (6 Ed.), 434-5, sec. 519, says:

"In some jurisdictions it is held that a child under seven years of age is incapable of being guilty of contributory negligence, and that between the ages of seven and fourteen chil-

dren are presumed to be wanting in that care, discretion, judgment and sensitiveness to danger which belong to the average child of fourteen years of age or more, and that there is a rebuttable legal presumption that children between seven and fourteen years are incapable of committing what in law amounts to contributory negligence.''

Other States besides Tennessee assert that the question of contributory negligence is for the jury even in the case of seven or under. 20 R. C. L., 127-8, sec. 106.

The English courts in recent cases have held that young children of four, five, six and seven years of age may be guilty of contributory negligence in crossing a street where they are familiar with the location and have sufficient mental capacity to appreciate the danger; and the courts held:

''The capacity to neglect is a question of fact in the particular case, as much as intelligence itself, which is always a question of fact.'' See cases cited in Beven on Negligence in Law (4 Ed.), 182-186.

The defendants' contention is that the deceased ran across the street to a place of safety, and as the automobile approached he negligently ran back across the street into the way of the automobile, which, if believed by the jury, would make him guilty of contributory negligence if he had mental capacity sufficient to appreciate the danger.

There was evidence that the deceased was exceptionally bright and exceedingly precocious. He lived within a block and a half of the place of the accident and was acquainted with the location, having lived within that section and made frequent visits to his father's place of business for about a year and a half, and this street had much traffic; hence we are of the opinion that there is enough evidence to carry the question of his mental capacity and contributory negligence to the jury, and the first assignment on the proposition that the court was guilty of affirmative error in his charge must be sustained.

2. The second assignment of error, to the effect that the trial judge erred in refusing to set aside the verdict in this case and to grant a new trial because of the misconduct of the jury in discussing among themselves while considering of their verdict that the defendants had liability insurance, must be overruled for the reason that the question as to the discussion as to liability insurance was controverted and the trial court held that the discussion was not sufficient to affect the jury's verdict.

At the hearing of the motion for a new trial affidavits of jurors were read and testimony of jurors was heard, but the bill of exceptions failed to show that it contained all the evidence heard on

the motion for a new trial and that the affidavits and testimony set out in the bill of exceptions constituted all the evidence heard by the trial court on the motion for a new trial. Therefore, the action of the trial judge cannot be reviewed on appeal, "for the reason that when the trial court hears anything in the way of evidence on such motions it is as necessary to show that the bill of exceptions contains all that was then heard as it is to make such showing with reference to evidence heard in the trial of the case on its merits." Rosenbaum v. Herron, 5 Hig., 630, 639; Ransom v. State, 116 Tenn., 355, 96 S. W., 953; Eatherly v. State, 118 Tenn., 371, 101 S. W., 187; Odeneal v. State, 128 Tenn., 60, 157 S. W., 419; Railroad v. Koonce, 4 Hig., 1, 8; Hayes v. State, 130 Tenn., 661, 172 S. W., 296.

3. The third assignment relates to the request of the defendants to charge in regard to the negligence of the parents of the child. It was held in the case of Bamberger v. Citizens Street Ry. Co., supra, that in case the child was struck by a street car while in a dangerous and exposed situation, the plaintiff, in an action for the death of the child, had the burden of proving a want of negligence on the part of the child or its custodian, and that case put the burden upon the plaintiff to show the absence of contributory negligence of the parent or the custodian. But later Tennessee cases held that where it did not appear that the plaintiff was guilty of contributory negligence, the burden was on the defendant to prove contributory negligence. R. R. v. Herb, 134 Tenn., 397-9, 183 S. W., 1011. All of the cases on the subject are reviewed by Presiding Judge Faw in an opinion in the case of Abraham Solomon and Wife v. Hugh Farmer, Admr., Hamilton County Law, above cited, in which he held that if there were facts tending to show that the plaintiff was guilty of contributory negligence, the case should be submitted to the jury.

But this assignment of error cannot be considered by this Court, for the reason that the defendants' special request for a specific charge on the proposition was not made a part of the bill of exceptions, although it was copied into the transcript and into the motion for a new trial. The request to charge must be made a part of and be copied into the bill of exceptions. See Rhoton v. Burton, 2 Tenn. App., 164; Minter v. State, 145 Tenn., 678, 238 S. W., 89; Ward v. State, 102 Tenn., 724, 52 S. W., 996; Nighbert v. Hornsby, 100 Tenn., 82, 42 S. W., 1060.

The fact that the special requests are copied into the motion for a new trial is not sufficient as a motion for a new trial is merely a pleading and not evidence. See Hood v. Grooms, 4 Tenn. App., 515; Adamant Stone & Roofing Co. v. Vaughn, 7 Tenn. App., 170.

The first assignment of error having been sustained, it results that the judgment of the lower court must be reversed and the cause remanded to the Circuit Court of Dickson County for a new trial. The cost of the appeal is adjudged against the defendant in error, Robertson, but the cost of the cause below will await the final determination of the case.

Faw, P. J., and DeWitt, J., concur.