IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 11, 2025 Session

## COURTNEY L. WHERRY ET AL. v. OBION COUNTY BOARD OF EDUCATION ET AL.

**Appeal from the Circuit Court for Obion County**
**No. CC-20-CV-28   Jeff Parham, Judge**

_____

**No. W2024-00693-COA-R3-CV**

_____

This negligence action arose when Courtney L. Wherry ("Ms. Wherry"), a member of the South Fulton High School sideline cheerleading team, fell and injured her neck while performing a "shoulder sit" stunt in the endzone of a football field prior to a high school football game. Ms. Wherry and her parents, Jason T. Wherry and Jaime L. Tidwell, (collectively, "the Wherrys") brought suit against the Obion County Board of Education and Obion County School District (collectively, "the School District")[1] under the Tennessee Governmental Tort Liability Act to recover damages for the injuries sustained by Ms. Wherry. The Wherrys sought recovery based upon two negligence theories: (1) that the school district's selection and hiring of the South Fulton High School cheerleading coach Nichole Harrell ("Ms. Harrell") was negligent, and (2) that the negligent acts and omissions of Ms. Harrell on the night of the accident related to the football field conditions were the cause in fact and proximate cause of Ms. Wherry's injuries. Following a bench trial, the trial court found in favor of the School District on both negligence theories. The Wherrys appeal. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which KENNY W. ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Colin B. Calhoun, Nashville, Tennessee, and Joseph D. Swafford, Oldfort, Tennessee, for the appellants, Jason T. Wherry, Courtney L. Wherry, and Jaime L. Tidwell.

---

[1] While the Wherrys named the Obion County Board of Education and the Obion County School District as separate defendants, they are the same entity. The Obion County Board of Education is the governing body for the Obion County School District. We therefore refer to them collectively in this opinion as "the School District."

James I. Pentecost and Nathan D. Tilly, Jackson, Tennessee, for the appellees, Obion County Board of Education and Obion County School District.

# OPINION

## FACTS AND PROCEDURAL HISTORY

On August 23, 2019, the South Fulton High School[2] ("SFHS") sideline cheerleading team traveled to a nearby high school for the first football game of the season. It had rained earlier in the week; however, it was not raining when the SFHS cheerleaders arrived at the game.

Ms. Harrell, an English teacher at SFHS, had recently been hired as the SFHS cheerleading coach.[3] Upon arrival at the football field, Ms. Harrell observed that there was mud and standing water near the visitor's bleachers where the SFHS cheerleaders would perform their sideline cheers. Having observed these conditions, Ms. Harrell instructed the cheerleaders to refrain from performing any stunts in that area. She then inquired about the conditions of the football field and was informed that it had been cleared for play by the Tennessee Secondary School Athletic Association ("TSSAA"). Nevertheless, for safety reasons, Ms. Harrell limited the cheerleaders to performing a "shoulder sit" stunt[4] on the field and no other stunts.

Because it was the first football game of the season, the cheerleaders planned to hold up a banner in the endzone for the SFHS football team to break through as they ran onto the field. To elevate the banner, the cheerleaders would execute two "shoulder sits" with each "flyer" cheerleader holding one end of the banner. One of the two stunt groups consisted of Ms. Wherry, who acted as the "flyer," and her teammate Claudia Colston ("Ms. Colston"), who acted as the "base." On the night in question, Ms. Wherry was a junior at SFHS and was 16 years of age.

Prior to the commencement of the game, some of the SFHS cheerleaders went to the end zone to cut the banner. Upon returning to the sideline, those cheerleaders expressed no concerns regarding the field conditions and informed Ms. Harrell that they felt comfortable performing on the field. Ms. Harrell observed no wetness, mud, or loose grass on the shoes of the cheerleaders who had returned from the field.

---

[2] South Fulton Middle and High School is a public school within the Obion County School District.

[3] Ms. Harrell had no experience as a cheerleading coach but had observed cheerleading practices under the tenure of Marina Greer—the previous SFHS cheer coach.

[4] A "shoulder sit" is a basic cheerleading stunt. To execute a shoulder sit, the "flyer" cheerleader steps onto the leg of the "base" cheerleader and elevates her legs over the base cheerleader's shoulders to end in a sitting position atop the base cheerleader's shoulders.

With Ms. Harrell observing from the sideline, the cheerleaders moved to the grass near the endzone to practice the shoulder sit. Both stunt groups executed the stunt without incident. The cheerleaders then moved to the endzone. There, they practiced the stunt again without incident and safely dismounted for the playing of the national anthem. After the national anthem, both groups positioned themselves to re-execute the stunt. Ms. Wherry placed her right foot on Ms. Colston's right thigh and swung her left leg over Ms. Colston's left shoulder. However, as she attempted to swing her right leg over Ms. Colston's right shoulder, her right foot slipped on Ms. Colston's nylon shorts. She fell forward over Ms. Colston's head, striking her head on the ground. The fall caused serious injury to Ms. Wherry's neck.[5] Another cheerleader quickly stepped in to replace Ms. Wherry and the football players ran through the banner.

Approximately one year later, on August 21, 2020, the Wherrys commenced this action against the School District under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-205. The Wherrys filed the petition in the Circuit Court for Obion County, Tennessee. In their petition, the Wherrys sought compensatory damages in the amount of $300,000 for, *inter alia*, medical bills they incurred as a result of Ms. Wherry's injuries while she was a minor.

The Wherrys sought recovery based on two negligence theories. One, they claimed the School District was vicariously liable for the negligent acts and omissions of Ms. Harrell on the evening of August 23, 2019 as an employee of the School District acting within the scope of her employment. Specifically, they claimed that Ms. Harrell failed to "exercise reasonable care to prevent unreasonable risk of injury to Ms. Wherry" by failing to (1) observe and recognize the hazardous condition posed by the "slippery and muddy" condition of the field, (2) warn the cheerleaders of the hazardous condition, and (3) instruct the cheerleaders to refrain from performing any ariel stunts on the field. The Wherrys claimed that these negligent acts or omissions were the cause in fact and proximate cause

---

[5] The fall occurred on a Friday evening. On the Monday following the accident, Ms. Wherry began to complain of pain and soreness in her neck and back. That evening, Ms. Wherry's mother took her to an urgent care clinic. An x-ray taken at the urgent care clinic showed damage to Ms. Wherry's C4 and C5 vertebrae. She was transferred to West Tennessee Healthcare Volunteer Hospital ("WTHVH") but was sent home that night after doctors diagnosed her with muscle spasms and inflammation. Shortly after she arrived home, Ms. Wherry began to experience numbness in her feet. She was instructed to return to the WTHVH emergency department and, from there, was transferred to LeBonheur Children's Hospital in Memphis. At LeBonheur, doctors successfully performed a cervical fusion of Ms. Wherry's C4 and C5 vertebrae. She was released with a "halo brace" and was homebound for the next six months. Although Ms. Wherry was able to return to sideline cheerleading during her senior year, she was not permitted to participate in stunting. Ms. Wherry testified at trial that she continues to experience pain from her injuries and has restrictions in physical activity and bodily movement. As a result of her injuries, Ms. Wherry had to abandon her plans to cheer in college.

of Ms. Wherry's fall and resulting injuries. Two, they claimed that the School District was negligent in selecting and hiring Ms. Harrell.

In October 2020, the School District filed a response in which it denied liability and asserted defenses, including "any and all defenses and/or immunities pursuant to Tenn. Code Ann. §29-20-101 et seq., otherwise known as the 'Tennessee Governmental Tort Liability Act ('GTLA')."

After the completion of discovery, the case was scheduled for a two-day bench trial on March 13 and 14, 2024. Over these two days, several witnesses testified in person, including Ms. Harrell, Ms. Wherry, and Ms. Colston. Ms. Harrell testified that while she did not personally inspect the endzone of the football field on the evening in question, she received reports from TSSAA officials, the SFHS football coach's wife, Jamie Knott, and the SFHS cheerleaders that the field was in safe condition. She also testified that she observed no standing water on the field from her position on the sideline, which testimony was corroborated by photographs and video footage presented at trial showing no standing water on the playing field.

For her part, Ms. Colston testified that there was only "a little moisture on the ground" on the evening of the accident and that, at the time, she had not felt it was unsafe to perform the shoulder sit on the field. Ms. Wherry took the stand next. She stated that she had been cheerleading since the first grade and had participated in cheerleading throughout elementary school, for two years in middle school, and during both her freshman and sophomore years of high school. Ms. Wherry testified that, while on the SFHS cheerleading squad, she had regularly performed shoulder sits and more advanced stunts as a flyer. Similar to Ms. Colston, Ms. Wherry testified that she had felt it was safe to perform the shoulder sit on the night in question.

The court also heard testimony from Catherine Leigh Carr, the School District's expert on high school cheerleading in Tennessee. Based on her thirty years of experience, Ms. Carr opined that performing a shoulder sit on a damp surface created no increased risk of injury. She testified that high school cheerleaders often perform far more advanced stunts on damp surfaces. Additionally, SFHS superintendent Timothy Watkins testified that, prior to high school football games, TSSAA officials examine the football field for any safety concerns that may be present for both football players and cheerleaders alike.

On April 11, 2024, the trial court entered judgment in favor of the School District. Based upon numerous detailed findings of fact, the court concluded as follows:

> As this matter is brought under the Governmental Tort Liability Act, the Plaintiffs' cause of action for negligent hiring of Ms. Harrell as cheer coach must fail since the hiring decision was a discretionary matter and therefore the immunity of Defendant is not removed.

- 4 -

As to Ms. Harrell's failure to personally inspect the endzone where the accident occurred, the Court finds that any failure or omission to personally inspect the endzone would not be the cause in fact or the proximate cause of the injury, as it was simply a tragic accident.

Therefore, the judgment is DENIED and the case is dismissed with costs taxed to Plaintiffs.

This appeal by the Wherrys followed.

## ISSUES

The Wherrys raise five issues on appeal[6] which we have consolidated and restated as follows:

1. Whether the accident and Ms. Wherry's injuries were proximately caused by the negligent acts or omissions of Ms. Harrell?

2. Whether the trial court erred in concluding that the School District is immune from liability for negligent hiring pursuant to Tennessee Code Annotated § 29-20-205(1) of the Tennessee Governmental Tort Liability Act?

---

[6] The Wherry's issues are stated in their appellate brief as follows:

1. Whether the evidence preponderates against the trial court's findings of fact regarding the TSSAA and Nicole Harrell's reliance on the TSSAA in determining the safety of the football field for sideline cheerleading.

2. Whether the trial court erred in concluding that there was no cause in fact or proximate cause on the part of the Defendants for Courtney L. Wherry's fall and resulting injury.

3. Whether the evidence preponderates against the trial court's conclusion that the fall of Courtney L. Wherry was a tragic accident which occurred in the absence of negligence.

4. Whether the trial court erred in concluding that the Defendants are immune from liability for negligent hiring pursuant to Tenn. Code Ann. § 29-20-205(1) of the Tennessee Governmental Tort Liability Act.

5. Whether the trial court erred by failing to make sufficient conclusions of law as required by Rule 52.01 of the Tennessee Rules of Civil Procedure.

The School District presents no additional issues.

## STANDARD OF REVIEW

This case was tried by the court sitting without a jury. As such, we review the trial court's findings of fact de novo on the record with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Allstate Ins. Co. v. Tarrant*, 363 S.W.3d 508, 512 (Tenn. 2012). Our review of the trial court's conclusions of law, however, is *de novo* on the record with no presumption of correctness. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012).

## ANALYSIS

The claims at issue on appeal are governed by the TGTLA. The TGTLA codifies the common law rule that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities." Tenn. Code Ann. § 29-20-201(a). Nevertheless, the statutory scheme provides several exceptions to this general declaration of immunity. In pertinent part:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> > (1) The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused[.]

Tenn. Code Ann. § 29-20-205.

Several critical facts are undisputed in the instant case. The School District is clearly a "governmental entity" within the meaning of the TGTLA. *See* Tenn. Code Ann. § 29-20-102(3)(A). There is also no dispute that Ms. Harrell was an employee of the School District on the night of the accident in question and was acting within the scope of that employment at the time Ms. Wherry was injured. Thus, under the above exceptions to the TGTLA, the School District may be held liable for Ms. Wherry's injuries if (1) they were proximately caused by the negligent acts or omissions of Ms. Harrell on the night of the accident and (2) they did not arise from the exercise or performance or the failure to exercise or perform a discretionary function.

As noted above, the trial court determined that (1) Ms. Wherry's injuries were the result of a "tragic accident" and were not factually or proximately caused by Ms. Harrell's

failure to inspect the endzone where the accident occurred,[7] and (2) the decision to hire Ms. Wherry was a "discretionary function" within the meaning of the TGTLA. Accordingly, the court found that the School District retained immunity under the TGTLA and was not liable under either of the Wherry's negligence theories. The Wherrys contend on appeal that this was in error.

## A. Ms. Harrell's Negligence

The Wherrys first contend that the negligent acts and omissions of Ms. Harrell on the evening in question were the cause in fact and proximate cause of Ms. Wherry's injuries. Specifically, they claim that Ms. Harrell was negligent in failing to personally inspect the conditions of the endzone where the SFHS cheerleaders would be performing the shoulder sit stunt and allowing them to perform the stunt in unsafe conditions. The School District contends that Ms. Harrell was not negligent in any fashion.

No claim for negligence can succeed in the absence of any of the following elements: "'(1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact and (5) proximate, or legal cause.'" *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993) (citing *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993)). Absent a finding of negligence on behalf of the governmental employee, the governmental entity will retain immunity under the TGTLA. *See* Tenn. Code Ann. § 29-20-201(a); § 29-20-205.

Duty is the legal obligation owed by one person to another to conform to a reasonable person standard of care for protection against unreasonable risks of harm. *Mason ex rel. Mason v. Metro. Gov't of Nashville & Davidson Cnty.*, 189 S.W.3d 217, 221 (Tenn. Ct. App. 2005) (citing *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)). In Tennessee, school teachers must exercise reasonable and ordinary care under the circumstances to ensure the safety of their students. *Roberts v. Robertson Cnty. Bd. of Educ.*, 692 S.W.2d 863, 870 (Tenn. Ct. App. 1985). "The extent to which a teacher must supervise the activities of his or her students must be determined with reference to the age and inexperience of the students, their maturity, and the dangers to which they may be

---

[7] The Wherrys argue in their appellate brief that, "the trial court's findings of fact and conclusions of law are insufficient to conclusively determine its logic." They argue that the court failed to provide sufficient reasoning to support its conclusion that, *inter alia*, Ms. Harrell's acts or omissions were not the cause in fact or proximate cause of Ms. Wherry's injuries. We respectfully disagree. Pursuant to Tennessee Rule of Civil Procedure 52.01, "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment[.]" Here, the trial court's legal conclusions were based upon 52 factual findings. We can discern the basis for the trial court's decision from its findings of fact, which we find to be fully supported by the record. Because the court's reasoning for its conclusions of law is sufficiently present in its factual findings, the trial court's judgment complies with Rule 52.01.

exposed." *King by King v. Kartanson*, 720 S.W.2d 65, 68 (Tenn. Ct. App. 1986) (citing *Townsley v. Yellow Cab Co.*, 145 Tenn. 91, 237 S.W. 58 (1922)).

Teachers are not expected to be insurers of the safety of students and are not required to supervise all activities at all times. *Roberts*, 692 S.W.2d at 870. Teachers do, however, have a duty to safeguard students from reasonably foreseeable dangerous conditions. *Hopper v. Obion Cnty. Sch. Sys.*, No. W2021-00805-COA-R9-CV, 2022 WL 2116482, at *4 (Tenn. Ct. App. June 13, 2022) (citing *Roberts*, 692 S.W.2d at 871). "There is no liability for the results of an accident that could not have been foreseen by a reasonably prudent person." *Brackman v. Adrian*, 472 S.W.2d 735, 739 (Tenn. Ct. App. 1971) (citing Prosser on the Law of Torts, 117 (2d Ed., 1955); *Smith et ux. v. Roane-Anderson Co.*, 30 Tenn. App. 458, 207 S.W.2d 353)).

The Wherrys contend that by failing to personally inspect the condition of the endzone and prohibit the SFHS cheerleaders from performing a stunt thereon, Ms. Harrell's conduct fell below the applicable standard of care. Whether a defendant has breached a duty of care is a question of fact. *Payne v. Tipton Cnty.*, 448 S.W.3d 891, 899 (Tenn. Ct. App. 2014) (citing *Hardeman Cnty. v. McIntyre*, 420 S.W.3d 742, 747–48 (Tenn. Ct. App. 2013)).

The record reveals that Ms. Harrell exercised reasonable care in ensuring that the endzone of the football field would be safe for stunting on the evening of August 23, 2019. Prior to the performance of the stunt, Ms. Harrell spoke with multiple parties regarding the conditions of the football field, including the football coach's wife, Jamie Knott, and the cheerleaders who had recently been on the field. Neither of these parties expressed concern regarding the field conditions. Ms. Harrell also spoke to the TSSAA officials on the field. They too expressed no concerns about the field conditions and informed Ms. Harrell that the field had been cleared for play.

The Wherrys insist that it was unreasonable for Ms. Harrell to rely upon the TSSAA's field clearance given that the TSSAA rules did not govern sideline cheerleading in August of 2019. We find this argument unconvincing. To be fair, the trial court found that sideline cheerleading was not recognized as a sport by TSSAA on the date of the accident. However, SHFH's superintendent Timothy Watkins testified at trial that TSSAA officials inspected the areas where the cheerleaders would be performing regardless of whether sideline cheerleading was governed by the TSSAA guidelines.

While Ms. Harrell observed mud and standing water near the visitor's bleachers, she specifically testified, and the trial court found, that she did not observe mud or standing water near the endzone where the shoulder sit would be performed. Her testimony was supported by photographs and recorded video evidence presented at trial showing no standing water on the field. Ms. Harrell observed no mud, loose grass, or wetness on the shoes of the cheerleaders who returned from the endzone after preparing the banner.

Indeed, Ms. Colston testified that there was only "a little moisture on the ground" at the time of the accident. And expert testimony at trial revealed that high school cheerleaders often perform shoulder sits and more complicated stunts in such damp conditions.

Furthermore, the evidence fails to establish that Ms. Wherry's injuries were foreseeable. As the trial court found, "a shoulder sit is a basic stunt with very little difficulty in execution" and Ms. Wherry was "a skilled and advanced cheerleader." The court also found that Ms. Harrell watched the cheer team warm up and practice the shoulder sit in the endzone without any problems before dismounting for the playing of the National Anthem. The trial court found that Ms. Harrell was familiar with Ms. Wherry's advanced stunting abilities and had observed her safely and successfully complete the shoulder sit with Ms. Colston on multiple occasions. Further, both Ms. Colston and Ms. Wherry testified that they felt comfortable performing the shoulder sit prior to the accident.

As noted above, duty is the legal obligation owed by one person to another to conform to a reasonable person standard of care for protection against unreasonable risks of harm. *Mason*, 189 S.W.3d at 221 (citing *McCall*, 913 S.W.2d at 153). Based on the entire record, including the trial court's findings of fact, which are supported by a preponderance of the evidence, we conclude that the Wherrys failed to establish a breach of duty on the part of Ms. Harrell. As a result, their negligence claim must fail. *See Kilpatrick*, 868 S.W.2d at 598 (finding that a negligence claim may not succeed without a showing of breach of duty).

### B. Negligent Hiring

The Wherrys contend the trial court erred by finding that the School District was immune from liability for negligent hiring pursuant to Tennessee Code Annotated § 29-20-205(1) of the Tennessee Governmental Tort Liability Act. We affirm the dismissal of this claim, albeit on different grounds.[8]

To establish a claim for negligent hiring, a plaintiff must first prove all of the elements of a negligence claim. *See Doe v. Catholic Bishop for Diocese of Memphis*, 306 S.W.3d 712, 717 (Tenn. Ct. App. 2008) ("A plaintiff in Tennessee may recover for negligent hiring, supervision or retention of an **employee if he establishes, in addition to the elements of a negligence claim**, that the employer had knowledge of the employee's unfitness of the job.") (emphasis added). But as the trial court found, the Wherrys failed to establish the elements of a negligence claim. Thus, we affirm the dismissal of the negligent hiring claim.

---

[8] "The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result." *City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 60 n.18 (Tenn. Ct. App. 2004) (citations omitted).

## IN CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court. Costs of appeal are assessed against the appellants, Jason T. Wherry, Courtney L. Wherry, and Jaime L. Tidwell.

_____
FRANK G. CLEMENT JR., P.J., M.S.