MARION COUNTY *et al.* *v.* ROBERT CANTRELL, ADMINISTRA-
TOR.

(*Nashville,* December Term, 1932.)

Opinion filed July 24, 1933.

KELLY & KELLY, for plaintiff in error.

LYNCH, BACHMAN, PHILLIPS & LYNCH and A. R. HALL, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit as finally submitted to the court below was against Marion County and one Hudson by Robert Cantrell as administrator to recover for the death of his minor child who was killed by falling or jumping from a school bus operated by Marion County, or the school board of that county, and driven by Hudson. There was a verdict for $12,500, reduced to $10,000 by the trial court. The Court of Appeals reversed the judgment below and dismissed the suit.

The bus was arranged with four seats therein placed

lengthwise. Two along each side of the bus and two seats in the middle, backing up to each other, and facing the seats along the sides. There was one door in front of the bus on the right-hand side with a step leading down to the ground. There was another door in the center of the back of the bus, known as the emergency door. The Court of Appeals found that the floor of the bus was about twenty-one inches from the ground, although there is proof indicating that it was higher. There was no step leading from the emergency door to the ground.

The Cantrell boy lived several miles from the school he was attending. The school had been opened and he had been riding the bus for about a week. He usually got on the bus, with some other children, in the morning at a point a short distance from the intersection of the lane, leading to his house, with the highway. He usually left the bus at the intersection of the lane and the highway. He was killed on his return from school.

No one saw the actual exit of the boy from the bus. The bus did not stop at the lane where he usually alighted. He either jumped or fell from the emergency door as the bus was passing the lane. It is argued by counsel for the administrator that the child fell from the bus. It is argued by counsel for the plaintiffs in error that he jumped from the bus. There is much proof that the emergency door was open as the bus passed this lane and much proof that it was left open a large part of the time during that particular journey and during other trips. All the proof shows that the emergency door was easily opened and could be opened by any child riding the bus.

The circuit judge told the jury repeatedly that there could be no recovery if the boy jumped from the bus.

In reaching a verdict for the plaintiff, therefore, the jury must have found that the boy fell from the bus. There is nothing in the record to support an inference that he was thrown from the bus by anybody, although that is alleged as a possibility in the declaration.

The Court of Appeals said that it was impossible to decide whether the boy fell from the bus or jumped from the bus, and that a verdict based on the theory that he fell from the bus rested on a mere surmise, was conjectural, and that the suit must accordingly be dismissed. We agree that any conclusion that the boy fell from the bus, rather than jumped from the bus, on this record, is purely speculative. We do not agree, however, that the manner of his exit from the bus is determinative of this suit as a matter of law.

The declaration as amended averred that no lock was provided for the emergency door and that the door could be opened at will by any of those riding the bus and that the rear door, put in for emergency use, was constantly left open and was open at the time of the accident.

It seems to us that the operation of a bus, for the transportation of young children, with a door, like the emergency door described, open part of the time and easily opened all the time, is palpable negligence. That one so operating such vehicle might reasonably have foreseen that some child would fall or jump out this door and get hurt. That such an accident was a natural, probable, and proximate consequence of such negligence. *Fairbanks, Moss & Co.* v. *Gambill,* 142 Tenn., 633; *Bridge Co.* v. *Barnes,* 98 Tenn., 401.

We are of the opinion, therefore, that plaintiffs in error were guilty of negligence proximately contributing to this child's death.

In some cases the judgment of a trial court may be sustained, although the ground upon which the court based its judgment is not sustainable. That practice, however, could not be followed here with justice to the parties for reasons appearing.

The Court of Appeals has shown that it is a mere speculation to say that the boy fell rather than jumped from the bus. Since the burden is on the plaintiffs, the case must be dealt with as though the boy jumped.

Both the lower courts appear to have ruled, as a matter of law, that, if the boy jumped, he was guilty of such proximate contributory negligence as to bar recovery. We think this ruling was erroneous.

■■■■■ Young children are bound to use such care, and only such care, as is ordinarily exercised by children of like age and intelligence. It is therefore a question of fact, to be determined by the jury, whether, in a given case, the child is in the exercise of proper care, his tender years, his intelligence or the want of it, and all the circumstances by which he was surrounded being taken into account. *Townsley* v. *Yellow Cab Co.*, 145 Tenn., 91; *Wells* v. *McNutt,* 136 Tenn., 270.

■■■■ The danger of alighting from moving vehicles is not appreciated even by adults. This fact is so well recognized by carriers of passengers that railroad cars and street cars uniformly, and busses generally, are provided with doors that can only be opened by those in charge of such vehicles. It is too much to say, as a matter of law, that this boy of twelve, in attempting to alight from the moving bus at his usual stopping place, fully appreciated the danger, and was guilty of contributory negligence that would defeat the administrator's suit.

This is a question for the jury under proper instructions, as indicated above.

■ If the boy fell from the bus, negligence on his part is not so plain from the proof. The jury necessarily reached their verdict, in view of the court's charge, on the theory that he did fall from the bus. It is not likely that they took contributory negligence into consideration. The size of the verdict likewise negatives this idea. The matter of contributory negligence must be taken into consideration before a verdict can stand in this case and we think a new trial is accordingly required.

As the record comes to us this is not a case for peremptory instructions. The declaration stated a cause of action, there was proof to sustain the cause of action stated, and the question of contributory negligence was for the jury.

■ Some complaint is made, in this court for the first time, about the judgment rendered against the county on the theory that the county is a governmental agency and not subject to a suit like this. We think this point is not available. The county board of education took out a liability policy in the sum of $100,000 to cover the operation of this bus, with a limit of $10,000 for injuries to any one person. This defense is being conducted by the liability company. An agreement was entered into, and is filed with the record, between the liability company and the plaintiff below whereby the plaintiff covenants to waive any recovery in excess of $10,000 in consideration of an undertaking that the defense of governmental agency will not be pleaded. As stated before, no such defense was made below, nor in the Court of Appeals. It cannot be raised at this point in the case, if it

could have been raised at any time, in view of the agreement mentioned. The county filed a plea of not guilty and did not suggest immunity from suit anywhere in the trial.

Reversed and remanded.