KENNETH BAILEY, B.N.F. v. MICHAEL WILLIAMS.

JOHN S. BAILEY v. MICHAEL WILLIAMS. —346 S. W. (2d) 285.

Eastern Section.   December 2, 1960.

Certiorari Denied March 10, 1961.

Henry L. Barger and Joseph F. Wheless, Chattanooga, for plaintiffs in error.

Spears, Moore, Rebman & Williams, Chattanooga, for defendant in error.

McAMIS, P. J.  The plaintiff, Kenneth Bailey, eight years of age, lost the sight of one eye as the result of being  struck by a piece of wire thrown by defendant, Michael Williams, seven years of age.  The suit of Kenneth Bailey for personal injuries and that of his father

for loss of services and medical expenses were dismissed by the jury and thereafter their motions for a new trial were overruled. Both plaintiffs have appealed but, for convenience, reference will be made only to the suit of Kenneth Bailey, the minor plaintiff.

At the time of the unfortunate injury to plaintiff's eye, the two boys were walking together in the yard of a neighbor when defendant's attention was attracted to a spider hanging from the top of a swing set constructed of iron supports and bars. After calling attention to the spider, defendant picked up a wire about 6 inches long and threw it at the spider. Defendant says he had last seen Kenneth standing near a tree on the side of the swing. Apparently, he had moved closer to the swing before defendant threw the wire. Defendant gave no warning he was about to throw and plaintiff who was looking up at the spider was unaware that he was about to throw at the spider. Defendant says the wire struck one of the bars or supports of the swing and was deflected to the point where plaintiff was standing. Plaintiff says he did not hear any sound like that of a piece of wire striking the swing. There were no other eye witnesses.

We think the proof was such that the jury could fairly conclude that, although defendant had been told of the danger of throwing objects which might strike and injure his playmates, he had no more than the usual intelligence, training and experience of a boy of his age brought up in a normal home and school environment.

After stating the theories and contentions of the respective parties, including defendant's contention that, by reason of his tender age, he was incapable of negligence, the Court charged the jury:

"Now ladies and gentlemen, these plaintiffs are not automatically entitled to recover just because the boy was injured. They can only recover if this child was negligent. Now an adult person is charged with exercising an ordinary degree of care, that is, such a degree of care that a reasonably prudent person would exercise under a given state of facts. However, the rule is different in this case, in that we are dealing with children of tender years, and the defendant seven and one half years of age at the time of this accident, may or may not have been capable of appreciating or foreseeing danger and exercising proper care in reference to it. The rule in Tennessee is that a child seven and one half years of age is presumed to be incapable of negligence, and the burden is on these plaintiffs to overcome that presumption by showing that this child, the defendant, had the capacity to be negligent, depending upon his mental development, his experience, his ability to reason and think, and all other circumstances, and if they have overcome this presumption and you find the defendant was capable of negligence and was negligent and his negligence was a proximate cause of this accident, then the plaintiffs would be entitled to recover, provided, ladies and gentlemen, that plaintiff Kenneth Bailey himself was not guilty of contributory negligence that proximately contributed to bring about this accident. In determining whether or not this eight and one half year old plaintiff was capable of contributory negligence you will apply the same rule as just given you."

In a subsequent portion of the charge the Court said:

"Now ladies and gentlemen, after you have considered the proof, in this case, and the law as given you by the

Court, if you find that this defendant was capable of negligence, that he was negligent, and that his negligence was the proximate cause of this plaintiff boy's injury and if you find that the plaintiff the boy himself, was guilty of no contributory negligence that proximately contributed to cause this accident then, of course it would be your duty to find for the plaintiff.''

■ The rule with respect to a minor's capacity for negligence is that the question is to be judged in the light of his age, ability, intelligence, training and experience and the complexity of the danger with which he is confronted. Unless, under all these relevant circumstances, he has failed to exercise such care and prudence as may be expected of one of his years he is not guilty of negligence. Queen v. Dayton Coal & Iron Co., 95 Tenn. 458, 32 S. W. 460, 30 L. R. A. 82; Manning v. American Clothing Co., 147 Tenn. 274, 277, 247 S. W. 103; Marion County v. Cantrell, 166 Tenn. 358, 61 S. W. (2d) 477; Townsley v. Yellow Cab Co., 145 Tenn. 91, 237 S. W. 58.

■ Between the ages of seven and fourteen the presumption is that the child is incapable of negligence but this presumption is non-conclusive and may be rebutted by evidence of capacity. West v. Southern Ry. Co., 20 Tenn. App. 491, 100 S. W. (2d) 1004; Hadley v. Morris, 35 Tenn. App. 534, 249 S. W. (2d) 295; Gatlinburg Construction Co. v. McKinney, 37 Tenn. App. 343, 263 S. W. (2d) 765.

In the Hadley case this Court in an opinion by Judge Swepston, now Mr. Justice Swepston, said:

''We understand the cases to hold that where a child is 6 years old or under, Wells v. McNutt, 136 Tenn. 274,

189 S. W. 365, and Taylor v. Robertson, 12 Tenn. App. 320, or where he is 7 to 14 years old, West v. Southern Ry. Co., 20 Tenn. App. 491, 100 S. W. (2d) 1004, there is a prima facie presumption he is not capable of negligence, but that the evidence may show him to be capable of negligence and if there be any material evidence of capacity, it is for the jury to decide; whereas if a child is over 14 years old there is a prima facie presumption that he is capable of negligence the same as a grown person, but if there be any material evidence he is incapable, it is a jury question.''

In Manning v. American Clothing Company and Townsley v. Yellow Cab Company, supra, the cases were reversed and remanded for a jury finding as to the child's capacity for negligence and, as appears from the quoted portion of the opinion in the Hadley case, the question is generally for the jury. It is true in the cases cited the question was whether the child's alleged contributory negligence should have been submitted to the jury rather than the question of a minor defendant's negligence. The controlling principles however, are the same.

Under the cases cited the question whether the presumption of incapacity has been overcome by proof is generally one of fact for the jury. Where, however, the proof is undisputed and so clear that only one inference can reasonably be drawn therefrom, whether the child had capacity to exercise and exercised such care as might reasonably be expected of a child of his age, capacity and experience in the given situation becomes a question of law for the court. 38 Am. Jur. 1066, Negligence, Section 357.

■ We find nothing in the present case to take it out of the general rule and, therefore, hold that the case was for the jury.

In the plaintiff's assignments and brief it is insisted the Court's charge above quoted erroneously fixed an arbitrary age within which the presumption of incapacity is to be operative and that, under the proof in this case, the presumption had been met and overcome by undisputed proof of capacity and appreciation of the danger of throwing objects in the presence of other children. We think the Court's charge fully and correctly sets forth the law of this State as appears from the cases above cited and discussed.

■ In our opinion, the question of defendant's capacity and appreciation of danger is not to be considered solely on the basis of his admission on cross examination that he had been told not to ''throw things'' and knew generally that it involved danger to others. As we have seen, he testified that when he last saw plaintiff he was in another position at the side of the swing, and, further, that the wire was deflected by striking the swing. It is not negligence under any and all circumstances to throw objects into the air. In reality, defendant's negligence, if any, involved his failure to ascertain before throwing the wire that plaintiff was still in a place of safety. Certainly, that was a question for the jury under all the circumstances, especially in view of defendant's age.

Complaint is made that the Court erred in telling the jury before the introduction of proof that, because of the tender age of the two principal parties litigant, this case is unusual and erroneously declined to allow plaintiff to introduce in evidence a picture of the swing

showing, according to plaintiff's theory and contention, where the two boys were standing at the time of the accident.

■ We think the Court merely stated an obvious fact known to the jury that it is unusual for two boys 7 and 8 years of age to be engaged in litigation. As to the other complaint, plaintiff was allowed to introduce other pictures of the swing and to show by oral testimony where the two boys were standing. We can not see that either of these complaints present substantial grounds of reversal.

The other assignments are controlled in principle by what has been said. We find no error and it results that the judgment is affirmed at the cost of plaintiffs, plaintiffs in error here.

Hale and Cooper, JJ., concur.