RICHARD WILBURN, a minor by Next Friend, MRS. NORA TAPPER and MRS. NORA TAPPER v. WILLIAM D. VERNON, JR. and TERRY VERNON, minors.—447 S.W.2d 382.

Western Section at Jackson.   August 14, 1969.

Certiorari Denied by Supreme Court November 17, 1969.

Raymond Briggs and James H. Hicks, Memphis, for appellants.

J. Harold Ellis, Memphis, for appellees.

TAYLOR, J. This is an appeal from the Circuit Court of Shelby County, the Honorable W. E. Quick, Judge, where a jury verdict was rendered in favor of defendants, William D. Vernon, Jr., and Terry Vernon, minors, in suits brought against them by plaintiffs, Richard Wilburn, a minor, suing by his mother and next friend, Nora Tapper, for personal injuries, and by Nora Tapper, individually, for her damages resulting from her son's injuries. Plaintiffs filed a motion for a new trial which was overruled and, having perfected their appeal and filed their bill of exceptions, assign error as follows:

## I

That there was no credible material evidence to support the verdict of the jury in favor of defendants, and against the plaintiffs, and that the verdict of the jury was contrary to the law and the evidence of the case, and the issues involved.

## II

The trial court erred in denying plaintiffs motion, made at the conclusion of all the evidence in the case, that the court should charge and instruct the jury that

the two minor defendants were guilty of negligence as a matter of law which directly and proximately caused this accident and resulting injuries to minor plaintiff, Richard Wilburn.

## III

The trial court erred in giving the jury the Special Request for charge to jury offered by defendants, as follows:

"Gentlemen of the jury, I charge you that a person is required to see that which is plainly visible, and if the undisputed facts show that had he looked, he would have seen it, his testimony that he looked and did not see it is incredible and will be rejected."

## IV

The trial court erred in its charge to jury as follows:

"Now, Gentlemen of the jury, the court further instructs you that where a witness is upon the stand and delivers evidence in court and makes statements before the jury as to the existence of facts, one of the methods of impeaching the testimony of a witness, or one of the methods of eliciting the weight, faith and credit and value that you should give to the witness, is by showing that the witness, at another time, made a contradictory statement which he tells you gentlemen while upon the stand, that contradictory matter, that is the contradictory statements, are permitted to go before you, not as substantive or independent evidence of the existence of those facts, but is to be considered by you in determining the weight, faith, credit and value you would give the testimony the witness has delivered before you at the trial."

## V

The trial court erred in its regular charge to the jury in the following regard:

"Now, in this case, in addition to the question of whether or not these defendants were guilty of negligence, you are also concerned with whether or not the plaintiff himself was guilty of contributory negligence, because, as I say, the defendants have filed a plea of contributory negligence, and on that plea of contributory negligence, the burden of proof is upon the defendants, in other words, they must show by the greater weight or preponderance of the evidence that plaintiff himself was guilty of negligence that directly and proximately contributed to bring about the accident and resulting injuries or damages complained of. *But, if the evidence of the plaintiff and his witnesses, or their witnesses, and the evidence of the defendants and their witnesses, or both taken together, raises a presumption that plaintiff was guilty of contributory negligence, then the plaintiff must overcome that presumption by showing that he was, at the time, in the exercise of that degree of care which the law placed upon him.*"

## VI

The trial court further erred in failing and refusing to give the jury, the Special Requests Nos. 3 & 4, for charge to jury, offered by plaintiffs to the Court, on question of minor plaintiff's Negligence, Contributory Negligence, and Remote Contributory Negligence, as follows:

"The Court charges you, that if you find the plaintiff guilty of negligence by his own actions and conduct, and if you further find that his said negligence was

a direct and proximate cause, or a direct contributing cause of this accident and his injuries, then in that event, you would find for these defendants; regardless of their own negligence in the matter; however, if you found from the evidence that plaintiff was guilty of negligence, but further found that plaintiff's own negligence did not directly and proximately cause or contribute to this accident and his injuries, *but that his said negligence was only remotely connected with the accident, and that this remote contributory negligence on the part of plaintiff only created a condition which indirectly and remotely caused the accident,* then you would find for the plaintiffs and against the defendants, or either of them, if you find that they, or either of them was guilty of negligence which directly and proximately caused this accident and injuries to plaintiff.''

"The Court charges you, that if you find either or both of the defendants guilty of negligence which directly and proximately caused this accident and resulting injuries to plaintiff, and if you further find that plaintiff himself was guilty of some negligence, but further find that his negligence was not a direct and proximate cause of the accident, but that it was only remotely connected with the accident, then, and in that event, you would find for the plaintiff, but you would reduce the amount of any judgment you found for the plaintiff by reason of, and to the extent of the remote negligence you found plaintiff guilty of.''

## VII

The trial court further erred in failing and refusing to properly charge the jury in its regular charge, and again by failing to give the special requests for charge to jury, Nos. 3 & 4, and again by failing and refusing to

give the jury these requested charges, or a more complete, full and distinguishing charge as to the difference between Negligence, Contributory Negligence, and Remote Contributory Negligence, *when they requested the Court to do so, because they were in doubt about the meaning of courts regular charge on these matters, and did not fully understand same,* at which time the trial court merely repeated to jury the same charge it had given them on regular charge, prior to their receiving the case for decision.

## VIII

The trial court further erred in charging the jury, in regard to the actions of plaintiff and defendants being a *joint venture* and that the actions of defendants in siphoning the gas, and setting it on fire, was done by agreement and in concert by all three of these boys, without disagreement, remonstration, or reluctance of any kind by the plaintiff, and that plaintiff willingly and actively participated in the affair. This part of courts charge to jury was given by the Court when it was giving the jury the benefit of the defendants special pleas filed in the cause, and giving their theories of their defense; but, from all the evidence in the case, no such joint venture between plaintiff and defendants was shown, or that plaintiff actively participated with defendants in their actions in this regard, and therefore, it was improper for court to charge the jury anything on this theory, and this issue was improperly submitted to jury.

We say trial court further erred in giving this theory of joint venture to jury, without giving the jury a further charge in regard to what a joint venture was, and what circumstances and facts would warrant them in finding that there was or was not such a joint venture between

these parties, and if there was such a joint venture between the parties, what the rights and duties of the parties towards each other were.

## IX

The trial court erred in failing and refusing to give in its charge to jury, Special Request for charge offered by plaintiff, Number 6, in regard to defendants wilful, wanton and gross negligence, as follows:

"The court charges you gentlemen of the jury, that if you find the actions of these defendants, or either of them, to be so grossly careless, as to imply a willingness to inflict the injury on the plaintiff, or if you find their negligence, or disregard to plaintiff's safety, which might imply a willingness to inflict the plaintiff's injury, then you would find for the plaintiff, notwithstanding his own contributory negligence, but if you so find, you would still mitigate the judgment you might find for plaintiff by reason of, and to the extent of, any contributory negligence you might find him guilty of."

## X

The trial court erred in failing and refusing to give in its regular charge to jury, Special Request for charge, No. 8, offered by plaintiff which was as follows:

"The court charges you, that if the defendants, or either of them knew and appreciated the dangerous nature of their action of throwing matches on this gasoline as testified to in this case, and if they or either of them is chargeable with negligence, then under these facts and circumstances, they or either of them would be accountable for the natural and reasonable consequences of their said actions."

## XI

The trial court erred in refusing to allow plaintiffs to introduce and read to the jury the entire pre-trial depositions of the two minor defendants which had been filed in this cause, as rebuttal evidence, to the defendants testimony at the trial of the cause, and by the court ruling, that if plaintiffs desired to introduce and read the entire pretrial depositions of the minor defendants, they should have done so during the plaintiffs evidence in chief.

## XII

The trial court erred in refusing the plaintiffs the right to read in evidence and to the jury, the entire pre-trial depositions of the plaintiffs, and particularly, that of the minor plaintiff, subsequent to defendants counsel reading to the jury only isolated portions of said minor's deposition, and as part of the defendants proof, and as evidence in support of their defense.

## XIII

That each and all of the errors of the trial court hereinbefore set out, clearly shows that these plaintiffs did not receive a fair and proper trial of the issues involved, and that the verdict of the jury was affirmatively effected by each of them, and collectively, the errors show that plaintiffs could not have received a fair trial and verdict from the trial jury on the issues involved.

We are of the opinion that the Assignments of Error are without merit and they are, therefore, overruled.

## I

There was material evidence to support the verdict of the jury. One of the principal issues was whether or not

plaintiff Richard Wilburn was guilty of contributory negligence.

At the time of the accident plaintiff was thirteen years of age, defendant William D. Vernon, Jr., was thirteen and defendant Terry Vernon was nine.

Plaintiff was playing in an abandoned automobile near his home when the two defendants came by. The three were acquainted with one another. Terry Vernon found a piece of garden hose and siphoned some gasoline from the tank of the abandoned automobile. William D. Vernon, Jr., lit the gasoline with a match. While the gasoline was still burning Terry siphoned some more gas out of the tank and the fire ignited the hose and the gasoline on and in it, and as the flame started speading toward the tank William pulled the hose from the tank. In an attempt to throw the hose away from the automobile he hit plaintiff in the face with it and severely burned him.

Both defendants testified that they discussed the siphoning and burning of the gasoline with plaintiff before it was done and that he stood there with them while they did it. William said the three of them were there together between 30 and 60 minutes before plaintiff was burned.

■ There is a presumption that children between the ages of seven and fourteen years are not capable of committing negligent acts. However, this presumption is not conclusive but rebuttable. The trial judge so charged the jury both as to defendants and plaintiff and further instructed the members of the jury that they should take into consideration their respective ages, their knowledge, intelligence, discretion and experience, and their ability to discern and appreciate circumstances of danger and

determine whether they exercised such care as careful and prudent children of like age, knowledge, intelligence, and experience ordinarily exercise under like or similar circumstances. He charged them that contributory negligence on the part of the plaintiff would bar his recovery, and that if they found him guilty of remote contributory negligence they should diminish his recovery by that degree of remote contributory negligence of which they found him guilty.

█ After due consideration the jury obviously found plaintiff guilty of such contributory negligence as warranted a verdict in favor of defendants. The trial court approved the verdict of the jury and this court is powerless to disturb it, absent any other error committed by the trial judge.

## II

█ Assignment of Error II could be overruled in that it is not in compliance with Rule 12(3) of this court as follows:

"When the error alleged is upon the charge of the court, the part complained of, whether it be instructions given or instructions refused, shall be set out."

However, the trial court is guiltless of the alleged error. This was clearly a case where the jury had to and did determine whether plaintiff was guilty of contributory negligence and whether he was capable of being such due to his age, intelligence, experience and ability to recognize potentially dangerous circumstances. The trial court so charged the jury in an adequate fashion.

As pointed out by learned attorneys for plaintiffs, the trial judge commented as follows on this proposition:

"If this lawsuit involved adults on both sides, it would be a very simple lawsuit and wouldn't give the court any trouble at all, because, clearly, the siphoning of gasoline on the street and lighting a match is negligence. There is no question about that. When you expose yourself to a known danger or hazardous situation, that is contributory negligence. There is no question about this.

"If these were both adults, I would dispose of the case very quickly. I mean, hold the defendants guilty of negligence as a matter of law, and the plaintiff himself was guilty of negligence, contributory negligence, as a matter of law." (Tr. 382-383)

■ Had the trial judge charged the jury as urged by plaintiffs, he would have committed reversible error. It would have amounted to a directed verdict in favor of plaintiffs.

### III

■ That portion of the trial court's charge of which plaintiffs complain in Assignment of Error III was proper, in our opinion. He simply explained the applicable law to the jury. Both defendants testified that they discussed the siphoning and igniting the gasoline with plaintiff before the acts were committed, that he stood there with them while the gasoline was lit and remained to watch, and did watch, it burn.

### IV

■ Assignment of Error IV complains of the trial court's charge relating to conflicting testimony of witnesses. We think the charge proper and the applicable rule of law. It is not the judge's duty or responsibility to pick and choose truthful statements from the untruth-

ful and he would invade the province of the jury if he were to do so.

## V

As pointed out by plaintiffs, the court charged the jury that the burden of proof rested upon defendants to prove their plea of contributory negligence of plaintiff and then added that if the evidence raised a presumption of such negligence it became the duty of the plaintiffs to rebut the presumption. Possibly the trial judge could have stated the proposition a bit differently for evidence does not, ordinarily, raise a presumption, but it can, for example, where a defendant is proved to be a minor between the age of seven and fourteen years of age. Moreover, the court was following the language of this court in Louvier v. Nashville, 1 Tenn.App. 401, 408, as abstracted from the opinion of our Supreme Court in Stewart v. Nashville, 96 Tenn. 50, 57, 33 S.W. 613.

## VI

Assignment of Error VI complains of the refusal of the trial judge to give plaintiffs' special charges nos. 3 and 4.

With respect to special request no. 4, we find that it was given in substance, and accurately, by the trial court as shown by the transcript of his regular charge commencing on page 410 of the transcript of the record, line 21, and extending through page 413, line 7.

With respect to special request no. 3, we find that it was given in substance, and accurately, with the exception of the underscored portion and the language following. Plaintiffs, in effect, were requesting the court to charge the jury that plaintiffs were entitled to recover

their damages without diminution if plaintiff minor were found guilty of remote contributory negligence and this just is not the prevailing law in this state, and the court would have committed reversible error if it had given this part of this special request.

## VII

■ Assignment of Error no. VII is subject to, and is hereby, overruled as failing to comply with Rule 12(3) of this court, that portion being the same as set forth in paragraph II above. Further, we believe the trial court gave a correct charge with reference to negligence, contributory negligence and remote contributory negligence.

We think the court reacted properly when the jury made its request for a repetition of its charge with respect to negligence, contributory negligence and remote contributory negligence. After he had repeated his charges on these aspects of the case and issues, the judge asked:

"Does that answer your questions?"

The Foreman replied:

"Yes, sir."

It, therefore, appears that the jury was completely satisfied with the court's explanation of the subject terms and their application to the case on trial.

## VIII

Assignment of Error VIII avers that the trial court charged the jury that plaintiff and defendants were engaged in a joint venture and that the siphoning and igniting of the gasoline was done by agreement and that plaintiff willingly and actively participated in the "af-

fair.'' In support of this assignment of error plaintiff cites pages 103, 397, 399, 417 and 418 of the transcript.

Page 103 is page 9 of plaintiffs' motion for a new trial and does not, and could not, support such an allegation.

At pages 397 and 399 the trial judge was outlining the defenses set up by defendants in their pleas to plaintiffs' declaration. In our opinion he has accurately stated defendants' defenses as reflected by the pleadings. He does not say that it was proved or further contended. In our opinion, the trial judge effectively called the attention of the jury to the fact that defendants had failed to prove the allegations contained in their pleas, which, we think, worked to the benefit of plaintiffs rather than against them.

There is nothing on pages 417 or 418 to support this assignment of error and the joint venture theory is not mentioned. The court only recited defendants' defense of contributory negligence and explained their defense, i. e., plaintiff participated in the acts which resulted in his injuries, acquiesced in them and was fully aware of the dangerous circumstances attending. The jury apparently adopted this as a fact, the trial judge so held and we are of the opinion that plaintiff was a participant in the so called ''affair.''

## IX

We reject the insistence of plaintiffs that the trial court erred in refusing to give the special request (no. 6) set forth in Assignment of Error IX. We are of the opinion that the trial court would have committed reversible error if the requested charge had been given. Had the plaintiff Richard Wilburn been guilty of gross contributory negligence he would not have been entitled

452

to a verdict against defendants even though they themselves were guilty of gross or wilful negligence. In Brown v. Barber, 26 Tenn.App. 534, 540, 174 S.W.2d 298, 300, (Petition for certiorari denied) this court, on an appeal from the same division of the Circuit Court of Shelby County from which the case at bar arises, said:

"* * * while mere ordinary contributory negligence will not operate to bar a recovery in an action founded on gross negligence, yet where the contributory negligence also is gross instead of ordinary, there is no liability."

Perhaps the special request could have been reworded to encompass the issue of gross contributory negligence, but we can not, in this court, at this late date, reframe the charge for the jury. It was incumbent upon plaintiffs to submit a special request embracing existing law, and the trial court can not be criticized where the suggested charge was legally objectionable.

## X

We must also reject plaintiffs' special request no. 8. It is good so far as it goes but it does not take into consideration the issue of contributory negligence, gross or ordinary on the part of plaintiff. Moreover, the requested charge only states in a different manner what the trial court included in its regular charge. (Tr. 407-408)

## XI and XII

We do not think the trial court erred in refusing to allow plaintiffs to read into evidence the pretrial discovery depositions of plaintiffs and defendants. They were allowed the opportunity of introducing any statements made in defendants' discovery deposition

which conflicted with their oral testimony given at the trial. Any other testimony could have been adduced while the parties were on the witness stand. The discovery deposition act was not passed to permit trials by deposition but to permit the ascertainment of truth by aiding a party in the preparation for trial. Southeastern Fleet Leasing, Inc. v. Gentry, 57 Tenn.App. 162, 416 S.W.2d 773; Harrison v. Greenville Ready-Mix, Inc., 220 Tenn. 293, 417 S.W.2d 48.

## XIII

Assignment of Error XIII is dependent upon the sustention of one or more of its prior assignments. Admittedly it is nothing more than argument. All other assignments of error having been overruled, it necessarily must fail.

The judgment of the trial court overruling plaintiffs' motion for a new trial is affirmed, the judgment on the verdict of the jury is affirmed and the costs of the cause are assessed to plaintiffs, appellants in this court.

We are naturally sympathetic with plaintiffs; with the injured minor for his pain and suffering and with his mother for the heartache she surely has endured and the expense to which she has been put and will be put. It appears that plaintiff minor was playing in a safe and normal manner until defendants happened his way. At this point he became a participant, passively to say the least, in a hazardous and dangerous pastime as a result of which he must share the responsibility for his injuries. Under the circumstances no relief is available to either plaintiff.

Carney and Matherne, JJ., concur.