THOMAS JEFFRY WILLIAMS, by next friend, Thomas P. Williams, Plaintiff-Appellant, v. DOUGLAS WILLIAMS et al., Defendants-Appellees.

THOMAS P. WILLIAMS, Plaintiff-Appellant, v. DOUGLAS WILLIAMS et al., Defendants-Appellees. —470 S.W.2d 368.

Middle Section. March 26, 1971.

Certiorari Denied by Supreme Court September 7, 1971.

Jim H. Wachter, Madison, and Karl L. Bishop, Nashville, for plaintiffs-appellants.

William A. Moody and Carrol D. Kilgore, of Branstetter, Moody & Kilgore, Nashville, for defendants-appellees, James Crawford, Timothy Crawford and Steve Crawford.

William F. Carpenter and Richard D. Speight, of Goodpasture, Carpenter, Woods & Sasser, Nashville, for defendants-appellees, Douglas Williams, Myrna Williams and Ronald Williams.

PURYEAR, J.  On or about August 30, 1967, plaintiff-appellant, Thomas Jeffry Williams, seven year old son of

the plaintiff-appellant, Thomas P. Williams, was severely burned on one of his legs while playing with some other boys in the yard of defendants-appellees, Douglas Williams and Myrna M. Williams, parents of the defendant-appellee, Ronald Williams.

As a result of this accident, these two suits were filed in Circuit Court of Davidson County, one of which was filed by the injured boy, Thomas Jeffry Williams, to recover damages for his injuries and the other was filed by his father, Thomas P. Williams, to recover medical expense and damages for loss of services of the son, Thomas Jeffry Williams.

The two cases were consolidated and tried together before the Honorable Sam L. Felts, Jr., Circuit Judge, and a jury on the 9th and 10th days of March, 1970. At conclusion of all the evidence introduced by plaintiffs, the trial Judge sustained defendants' motion for a directed verdict in both cases and they were, accordingly, dismissed. Therefore no evidence was introduced by defendants.

Plaintiffs filed motions for new trial, which were overruled, whereupon plaintiffs prayed and perfected appeals in error to this Court.

The declarations in both cases contain two counts and allege, in substance, that on or about August 30, 1967, the plaintiff, Thomas Jeffry Williams, seven year old son of the other plaintiff, was playing with Ronald Williams, Timothy Crawford and Steve Crawford, all of whom were children residing in the same neighborhood, and all of whom were playing on the property of their co-de-

fendants, Douglas Williams and Myrna M. Williams; that said Douglas and Myrna Williams kept a large drum or barrel, containing gasoline, upon their premises at a place where same would naturally attract the attention of children playing thereon; that on the occasion in question the defendants, Ronald Williams, Timothy Crawford and Steve Crawford poured some gasoline out of this drum into a cup, then ignited such gasoline with lighted matches, causing a violent explosion which resulted in injury to the said Thomas Jeffry Williams.

Although, counsel for plaintiff assume that the first counts of said declarations invoke the attractive nuisance doctrine, we have concluded that they do not contain appropriate language to invoke that doctrine and therefore, said first counts are predicated upon ordinary common law negligence.

However, the second counts are predicated upon the playground doctrine and contain appropriate language to invoke that doctrine.

All of the defendants, namely, Douglas Williams, Myrna M. Williams, Ronald Williams, James Crawford, Timothy Crawford and Steve Crawford, filed general issue pleas of not guilty.

Plaintiffs have filed four assignments of error but the aggregate effect of all of them is to assert that it was error for the trial Court to direct verdicts for the defendants in both cases, because there was evidence in both of said cases which presented issues of fact to be determined by the jury.

There is little or no dispute about the evidence, from which it is established that the accident and injuries occurred substantially as follows:

The minor plaintiff, Thomas Jeffry Williams, was at the time of accident, between seven and eight years of age; the defendants, Douglas Williams, Myrna Williams and James Crawford were adults. Ronald Williams was nine years of age, and the two Crawford boys were somewhere near the same age as Ronald, who was called "Ronnie" by his friends and members of his family. Therefore, all of the children involved in this accident were between the ages of seven and fourteen years, although the exact ages of the two Crawford children do not appear in the record.

Douglas Williams and Myrna M. Williams, habitually kept a large steel drum, of about fifty-five gallons capacity, in their yard beside the residence and near the driveway, which drum contained a quantity of gasoline and the spout or spigot on the top thereof was apparently not secured by any kind of locking device.

On the day of the accident, plaintiff, Thomas Jeffry Williams, observed Ronald Williams and Timothy Crawford and Steve Crawford tilting this drum over and pouring gasoline out of it into a paper cup and he asked them what it was, to which they replied that it was gasoline and then he asked them what they were doing, to which Ronnie replied that he was going to throw some matches into the cup of gasoline.

Plaintiff did not participate in this activity, but stood back at a safe distance in the yard of the defendants,

Douglas and Myrna M. Williams, while the other boys struck matches and threw them toward the cup of gasoline which they had placed in the driveway. Finally one of these lighted matches came in contact with the cup of gasoline, whereupon it flared up into a large flame, then as the flame became smaller, plaintiff, Thomas Jeffry Williams, fearing that it might ignite the dry grass and cause both the grass and the house to burn, he ran up to the flaming cup of gasoline and attempted to "stomp" out the flame with his foot, as a result of which the flaming gasoline was thrown onto his foot and leg and caused severe burns.

Of course, as it has been held in cases too numerous to require citation thereof, the rule for determining whether or not it was error for the trial Court to direct verdicts in these two cases, requires this Court to look to all of the evidence, to take the strongest legitimate view of it in favor of plaintiffs and to allow all reasonable inferences from it in their favor.

In view of the evidence appearing in this record, it is difficult for us to conceive of the defendants seriously insisting upon a total absence of material and determinative evidence from which the jury could logically conclude that some of them were guilty of negligence.

Perhaps this is why counsel for defendants devote the major portion of their argument to support the defenses of intervening cause and proximate contributory negligence.

There is no evidence of negligence on the part of James Crawford, father of Timothy and Steve Crawford, and counsel for plaintiffs concede this.

Upon the question of evidence of negligence on the part of the adult defendants, Douglas Williams and Myrna M. Williams, we need only refer to what this Court has said and quoted from other authorities on the subject of similar acts of negligence, in Cleghorn v. Thomas (1968), 58 Tenn. App. 481, 432 S.W.2d 507.

In the Cleghorn case a three year old child was burned as he opened a faucet on a kettle of hot tar which had been left in an area where children were accustomed to playing.

In that case it was said:

"Perhaps the minds of all reasonable men might conclude that a 'tar kettle' without any hot tar in it was not dangerous, although it was left in a public area where children are accustomed to playing. But, we do not think all reasonable men would be likely to reach this conclusion in a case where such a kettle, similarly located, contained hot molten tar, unless some precautions were taken to secure or lock the faucet or keep children and other persons away from it until the tar cooled to such an extent that it would not burn anyone."

\* \* \* \* \* \*

"In commenting upon the duty of persons who leave machinery and other equipment in places where children may tamper with them, Prosser says:

'And when children are in the vicinity, much is necessarily to be expected of them which would not be

looked for on the part of an adult. It may be anticipated that a child will dash into the street in the path of a car or meddle with a turntable.'

Prosser on Torts, 3rd Ed., p. 175

In this same text, we also find the following statement:

'In all such cases, the question comes down essentially to one of whether the risk outweighs the utility of the actor's conduct. He may be required to guard a power line pole located in a public park, but not one in the open country; and whether he must take steps to prevent children from interfering with such an object as a stationary vehicle is entirely a matter of the circumstances of the particular case'. Supra, p. 176

As long ago as 1884, this same rule was stated in different language by Chief Justice Cooley of the Supreme Court of Michigan in Powers v. Harlow, 53 Mich. 507, 19 N.W. 257 as follows:

'Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly.' " Supra, p. 512 of 432 S.W. 2d.

Although it was held in that case that it was error for the trial Court to direct a verdict against the child, a directed verdict against the father was affirmed because the uncontroverted evidence showed that he was guilty of

negligence which proximately contributed to the child's injury.

However, in the case at bar, it is not even suggested that the child's father, Thomas P. Williams, was guilty of contributory negligence.

In Cassetty v. Mixon (1951), 35 Tenn. App. 339, 245 S.W.2d 636, a five year old child was playing near a large gasoline tank owned by the defendants below, which tank was, at the time, stored in the yard of the child's father. The child's father had used this tank, but when he ceased to use it, he emptied all of the gasoline that the pump would not remove from it and defendants had nothing to do with removing the gasoline from this tank.

The proof shows that while the child was playing near this tank, it exploded from some unknown cause, and injured this child after the father had told defendants to remove the tank from his premises. However, there was no proof that any of the defendants knew there was any gasoline remaining in the tank.

In affirming the action of the trial Judge in directing a verdict, it was said that if defendants were guilty of any act of omission in not removing the tank from the yard, then it was such an act that could not have reasonably been anticipated, or foreseen the injury complained of.

There was no proof as to what caused the gasoline vapors to explode and this Court held that the act of the child's father in allowing the tank, with a broken cap and some gasoline still in it, to remain in his yard

where he knew his small children played, was negligence which was responsible for the accident.

Therefore, the Cassetty case was distinguished from Cleghorn v. Thomas, supra, particularly because of lack of knowledge on the part of the defendants in the Cassetty case as to the condition and contents of the tank.

For the same reasons, the instant case is also distinguishable from Cassetty v. Mixon, supra.

Counsel for defendants insist that the playground theory of liability could not be applied to the facts of the instant case and quote from Gatlinburg Construction Co. v. McKinney (1953), 37 Tenn.App. 343, 263 S.W.2d 765, wherein this Court said:

"Refinements of the rule set forth in these authorities limit its application to situations where the landowner knows or, by the exercise of reasonable care, should know that children of immature years are habitually trespassing upon his land to use it as a playground, under conditions other than natural, which the landowner knows or should know involve an unreasonable risk of bodily injury and which children because of their youth will fail to discover and appreciate. To bring property within the rule its use as a playground must be generally known in the immediate vicinity and not be merely occasional or intermittent." Supra, 263 S.W.2d p. 767.

Counsel insist that the key words in the above quotation are *"habitually trespassing"* and insist that since the minor plaintiff in this case was not *trespassing* upon

the property where he was injured, then the playground doctrine does not apply.

This is a somewhat novel argument because the playground doctrine is one of the exceptions to the general rule that the owner of land is not liable to a trespasser who is injured as a result of the landowner's ordinary negligence.

Certainly, if the playground doctrine protects a trespassing child from injury as result of ordinary negligence, then, for an even stronger reason, it would protect a child who was an invitee upon the land, as the evidence shows the status of the minor plaintiff in this case to be.

Defendants' counsel insist that it was proper for the trial Court to direct a verdict because the uncontroverted evidence shows that the plaintiff, Thomas Jeffry Williams, was guilty of proximate contributory negligence which bars a recovery and cite Wilburn v. Vernon (1969), 60 Tenn.App. 436, 447 S.W.2d 382. There was a jury verdict in that case approved but not directed by the trial Judge. The plaintiff was a thirteen year old boy and the Court did not hold that a verdict should have been directed for the defendant upon the grounds that the plaintiff was contributorily negligent, but held, in effect, that the evidence sustained the jury's verdict for defendant because there was evidence in the record from which the jury could have, and apparently did, conclude that the plaintiff was guilty of negligence which proximately contributed to his injury.

This is quite different from holding that the evidence of contributory negligence is such that it presents no

issue of fact for the jury to determine and the trial Court should have directed a verdict for the defendant. Therefore, Wilburn v. Vernon, supra, is not controlling in the cases at bar.

We do not think that it can be plausibly argued that there is no evidence from which the jury could find that the three minor defendants were guilty of negligence, unless the rebuttable presumption which applies to children under fourteen years of age becomes a conclusive presumption.

Counsel for defendants insist there is no evidence in the record to rebut this presumption. With this insistence, we respectfully disagree.

Plaintiffs took the discovery deposition of the minor defendant, Ronnie Douglas, and this entire deposition was read to the Court and jury and this brought before the Court and jury, to some extent, his intelligence and alertness, or lack of it.

Also, in this discovery deposition, Ronnie described the action of himself and the Crawford boys on the occasion in question and from all of this, the Court and jury could reach a logical conclusion as to the capacity of the minor defendants to commit acts of negligence.

In Bailey v. Williams (1960), 48 Tenn. App. 320, 346 S.W.2d 285, the rule for determining whether a child under fourteen years of age is capable of committing acts of negligence is stated as follows:

"Between the ages of seven and fourteen the presumption is that the child is incapable of negligence

but this presumption is non-conclusive and may be rebutted by evidence of capacity. West v. Southern Ry. Co., 20 Tenn.App. 491, 100 S.W. 1004; Hadley v. Morris, 35 Tenn. App. 534, 249 S.W.2d 295; Gatlinburg Construction Co. v. McKinney, 37 Tenn. App. 343, 263 S.W.2d 765.

In the Hadley case this Court in an opinion by Judge Swepston, now Mr. Justice Swepston, said:

'We understand the cases to hold that where a child is 6 years old or under, Wells v. McNutt, 136 Tenn. 274, 189 S.W. 365, and Taylor v. Robertson, 12 Tenn.App. 320, or where he is 7 to 14 years old, West v. Southern Ry. Co., 20 Tenn.App.491, 100 S.W.2d 1004, there is a prima facie presumption he is not capable of negligence, but that the evidence may show him to be capable of negligence and if there be any material evidence of capacity, it is for the jury to decide;. * * *'' Supra, pp. 287, 288 of 346 S.W.2d.

So far as we have been able to ascertain, neither this Court nor the Supreme Court has ever stated just what quantum of proof is required to rebut this presumption.

Counsel for defendants insist that in this case the proof as to plaintiff's capacity for negligence is undisputed and so clear that only one inference can reasonably be drawn therefrom and therefore, this becomes a question of law for the Court instead of an issue to be decided by the jury.

We are constrained to conclude that in cases where the child is under the age of fourteen and there is some

material and determinative evidence which tends to rebut the presumption against capacity to commit a negligent act, then the question of capacity is for the jury. Bailey v. Williams, supra.

So, two of the questions which confront us here are as follows:

Is there material and determinative evidence to make a jury question as to capacity of the minor plaintiff to commit an act of contributory negligence and is there material and determinative evidence to make a jury question as to the minor defendants' capacity to commit an act or acts of negligence? We think the answer to both questions is in the affirmative.

We concede that the independent, intervening act of even a child may absolve a defendant of liability for negligence. However, despite the fact that it has not been expressly so held in any reported Tennessee decisions, it is our opinion that this rule is subject to some fair and necessary qualifications in the case of a child of tender years, and it was so implied in Thomas v. Harper, supra.

While such an impulsive act as that committed by the minor plaintiff in this case may not reasonably be expected of a mature adult, it does not necessarily follow that such an impulsive act on the part of a seven and a half year old child was not to be reasonably anticipated or expected. On the contrary, it is a matter of common knowledge that children are more likely to act on impulse than adults are.

Furthermore, it has been held by this Court that an intervening act of a human being which is a normal response to the stimulus of a situation created by the actor's negligent conduct is not a superseding cause of harm to another which the actor's conduct is a substantial factor in bringing about. McKinnon v. Michaud (1953), 37 Tenn.App. 148, 260 S.W.2d 721. Also see Gunn v. International Harvester Co. (Sixth Circuit) 366 F.2d 349.

Therefore, it was for the jury to determine from all of the surrounding facts and circumstances, including the age, experience and intelligence of all of the children directly involved whether any or all of them were capable of committing acts of negligence and also whether the plaintiff's impulsive act of attempting to extinguish the fire was an independent, intervening cause, which interrupted the natural sequence of events, prevented the probable result of the original act and produced a different result that could not have been anticipated.

In Moody v. Gulf Refining Co. (1919), 142 Tenn. 280, 218 S.W. 817, the Supreme Court affirmed a directed verdict for defendant and held, inter alia, that the act of some young boys in igniting some spilled gasoline by throwing lighted matches into it was an independent, intervening cause of the plaintiff's damage and therefore, the defendant was not liable.

In that case, an employee of defendant spilled a quantity of gasoline and shortly thereafter some boys who were standing nearby, threw lighted matches into the spilled gasoline.

In its comment upon the facts of that case, the Court said:

"It is not shown that defendant's employee knew that the boys were smoking or that they had matches. The undisputed evidence is that the boys knew it was gasoline that was running into the tub, and knew its inflammable and dangerous qualities and defendant's employee had no reason to anticipate that they would deliberately throw a lighted match into it during the short interval that he was absent on his errand to secure the buckets and another employee to assist him in removing the tub from the tank car to the storage tank." Supra, p. 294 of 142 Tenn., p. 820 of 218 S.W.

The boys who ignited gasoline in that case were between the ages of twelve and fourteen years of age and when this fact considered in conjunction with the other facts appearing in the above quotation from Moody v. Gulf Refining Company, supra, it will be seen that case is distinguishable from the cases at bar.

For the reasons hereinabove set forth, that portion of the trial Court's judgments dismissing the suits as to the defendant, James Crawford, is affirmed, and to this extent, the assignments of error are overruled.

That portion of the trial Court's judgments dismissing the suits as to Douglas Williams, Myrna M. Williams, Ronald Williams, Timothy Crawford and Steve Crawford, is reversed and the assignments of error are, to this extent, sustained.

The cases are remanded to the trial Court for a new trial consistent with this opinion. The costs of these appeals will follow the cases and abide the judgments of the trial Court.

Shriver, P. J. (M.S.), and Todd, J., concur.