Carroll *v*. The State.

## CARY CARROLL *v*. THE STATE.

SUPREME COURT PRACTICE. *Reversal.* The manner of the examination of witnesses is left largely to the discretion of the trial judge, and the Supreme Court will not reverse unless it affirmatively appear he has committed error. It is not error for the trial judge to say to counsel, in the presence of the jury, that he is treating a witness unfairly and harshly. and that *there was nothing wrong or improper in her conduct* to justify such treatment, where it is plain such remark had reference to the demeanor and not to the testimony of the witness.

### FROM SHELBY.

Appeal in error from the Circuit Court at Bartlett. THOS. D. ELDRIDGE, J.

Carroll *v.* The State.

W. S. FLIPPIN for Carroll.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Defendant was convicted in the Bartlett circuit court of petit larceny, and sentenced to one year's imprisonment in the penitentiary. A new trial having been refused he appealed in error to this court.

The offense charged was the stealing of a hog, and the principal witness in the case, and the only one as to the facts of larceny, was a young colored girl of about sixteen years of age. Her evidence, if credible, makes a clear case of guilt. But objection is taken to the rulings and declarations of the court pending the cross-examination of this witness, by defendant's counsel. The bill of exceptions shows that the court, several times during the cross-examination, told defendant's counsel that he asked his questions too · rapidly, and did not allow the witness time to make her answers before asking other questions. Also, that the manner of counsel, "in addressing the witness, and his remarks about her testimony, were so rough and premature," that he thought it proper to require her cross-examination to be taken more slowly, and to have her answers written down by defendant's counsel, pursuant to a rule of the court, which is also made a part of the bill of exceptions. By this rule of practice, the counsel for the State and defendants, in felony cases, shall write down the testimony of their witnesses and read the same to the witnesses before they leave the

31—VOL. 11.

stand; but the rule may, in the discretion of the court, be relaxed. The object of the rule is to avoid disputes as to the testimony given, and to facilitate the making of bills of exceptions upon appeals.

In this case, defendant's counsel objecting to being required to write down the evidence on cross-examination, was excused from doing so, and the Attorney-General was required to do it; thereupon defendant's counsel proceeded to write down the answers of the witness.

The court stated that he did not require defendant's counsel to write down the witness' answers on cross-examination, but allows him to do it if he wishes. He said that the cross-examination was not conducted, nor the witness treated with the fairness that her age and sex required, and in consequence, the court and jury could not satisfactorily know what the witness meant by her answers; that the cross-examination was too severe, not allowing the witness time enough to answer, and that it was his duty to protect the witness, who was doing nothing to justify such treatment, and that he saw nothing wrong or improper in her conduct.

The manner of the examination of witnesses is left largely to the discretion of the trial judge. The great object is to elicit the truth. These examinations are conducted orally in open court in the presence of counsel, court and jury, and our practice has been, and still is, in making up bills of exceptions, for the court to settle any difference between counsel as to the evidence. But this is but a question of practice, and if no right of defendant is thereby prejudiced, a different mode of attaining the same object could not be regarded as re-

Carroll *v.* The State.

versible error, even if in the opinion of this court, the mode adopted should be considered as less efficient than a different one would be.

It is argued that the efficiency of the cross-examination is impaired by the rule. No doubt it might thus operate if injudiciously or indiscreetly applied. For the rapid examination of an unprincipled witness may prevent him from fabricating answers, and detecting the drift of the questions: 1 Greenl. Ev., sec. 446, and note at end of the section.

But the questions should not be so rapidly asked as not to allow time for answers, and that was what the circuit judge complained of in this case.

The facts are not so represented in the bill of exceptions, as to enable us to say that his Honor was wrong in so declaring, and in saying that he saw nothing wrong or improper in witness' conduct, to justify rude treatment of her. This undoubtedly had reference to her demeanor and not to her testimony, as the judge very distinctly stated to the jury that they were the exclusive judges of her credibility, and upon this he could give them no opinion.

It must be shown in this court, affirmatively, that the court below has committed error before we can reverse. We cannot see from this record that such error, to the prejudice of the prisoner, has been committed in this case.

The jury, upon a proper charge, have believed the principal witness for the State, and we cannot say that they were not warranted in so doing, and the judgment must be affirmed.