JAMES W. BOBBITT, Appellant, v. PATRICIA ANN WEST and J. W. WEST, Appellees.— —465 S.W. 2d 131.

Western Section. August 27, 1970.

Certiorari Denied by Supreme Court March 15, 1971.

Harold R. Ratcliff, George D. Herring, Memphis, for appellant.

Henry T. V. Miller, Memphis, for appellees.

NEARN, J. This is a "red light" case. The plaintiff, James W. Bobbitt, has appealed to this Court from a jury verdict for the defendants rendered in the Circuit Court of Shelby County, Tennessee.

For convenience sake, the parties will be referred to in the same manner as in the trial Court; that is, plaintiff or defendant, or by their proper names.

On September 28, 1967, the automobile of the plaintiff, James W. Bobbitt, and that of the defendant, J. W. West, collided at the intersection of North Parkway and North McLean Boulevard in the city of Memphis. Plaintiff was proceeding northwardly on North McLean and defendant westwardly on North Parkway. The intersection is controlled by traffic lights. North McLean is controlled by at least two traffic lights which hang in the center of the intersection. North Parkway is a wide thoroughfare. It consists of six traffic lanes; three in each direction, separated by a neutral strip of some 10 or 15 feet in width. Eastward and westward directional traffic on North Parkway is controlled by a series of traffic lights. The palintiff alleges in his Declaration that he was proceeding northwardly on North McLean, that he entered the intersection on a green light, and was struck by the defendant who entered the intersection on a red light. Plaintiff further alleges that he had almost crossed the intersection when the collision occurred.

The first Count of plaintiff's Declaration more fully sets out the circumstances of the collision and charges:

"1. That the defendant J. W. West was not keeping a proper look-out ahead.

2. That he did not have his said automobile under proper control.

3. That he was not obeying the proper traffic rules and regulations prevailing in the City of Memphis,

County of Shelby and State of Tennessee at the time of said accident.

4. That the defendant J. W. West negligently and recklessly ran the traffic light at the intersection of McLean Boulevard and North Parkway, which was red against him and red against traffic to travel west on North Parkway, and disregarded the said traffic light, and ran his said automobile west on North Parkway with great force and violence into the said automobile of plaintiff, which was being driven north on McLean Boulevard, which said automobile being driven by the plaintiff at the time was in its proper place on Mc-Lean Boulevard.

5. That the defendant J. W. West was not using due care and caution in driving the said automobile at the time of said accident.

6. That the defendant J. W. West did not use reasonable and ordinary care for the safety of other automobiles and people who were lawfully upon the streets.

7. That the defendant J. W. West failed to apply his brakes or his brakes were improper and that the defendant J. W. West did not attempt to turn his automobile either to the right or to the left in an effort to avoid the said accident when he knew, or should have known, that an accident was inevitable and he was running a red traffic light and violating the law.''

Plaintiff sued for $12,000.00 damages for personal injuries.

The second Count is a reliance upon certain Ordinances of the City of Memphis, including a portion of the traffic light ordinance, and alleges violations thereof.

The third Count pleads certain State Statutes and alleges their violation. For the purposes of this Opinion, the City Ordinance and State Statute governing traffic control by traffic lights are the most germane. The City Ordinance, Section 23-204 of the Municipal Code of the City of Memphis, and Section 59-810 T.C.A. concerning traffic lights are almost identical. A portion of T.C.A. 59-810 set out in the Declaration is as follows:

"*T.C.A. 59-810. Traffic-control signal legend.*—Whenever traffic is controlled by traffic-control signals exhibiting the words "Go", "Caution" or "Stop", or exhibiting different colored lights successively one at a time, or with arrows, the following colors only shall be used and said terms and lights shall indicate and apply to drivers or vehicles and pedestrians as follows: (c) Red alone or "Stop":

1. Vehicular traffic facing the signal shall stop before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection and shall remain standing until green or "Go" is shown alone. Nothing in this chapter shall be construed as prohibiting turns on a red signal inside the city limits of a municipal corporation authorizing such turns by local ordinance, where a sign is posted permitting such turns."

The fourth Count of the Declaration is for the property damage.

■ Plaintiff has assigned five errors which together raise two issues for determination by this Court. The first is whether the trial Court in effect commented upon the evidence by "rebuking" plaintiff's counsel in the presence of the jury when counsel was attempting to

cross-examine defendant's witness. The second issue to be determined is the sufficiency of the trial Court's instructions or charge to the jury.

As to the first issue, we find no merit in plaintiff's contention and overrule the first Assignment of Error. The record reflects that when counsel for plaintiff was cross-examining defendant's witness, who had previously given to plaintiff's counsel a written statement which in some respects tended to conflict with his trial testimony, the following occurred:

"Q. So you told something just flat as wrong as it could be because you were tired?

A. Well—

Q. Is that what you are telling this Court and Jury?

A. No, sir. I told the truth the first time when I got on the witness stand, and that's the God's truth.

Q. Well, why did you lie in this statement (indicating)?

(No response.)

Q. Why?

THE COURT: Wait, Mr. Ratcliff. You don't have to abuse the witness. The witness is going to be courteous to you, and you owe the witness the same courtesy.

You have a right to cross-examine him. Just don't abuse him."

We can hardly consider the trial Court's statement a "rebuke". If it was, it was a mild one. Perhaps counsel for plaintiff, in the heat of battle, was becoming too loud

or approached too near the witness. It is evident the Court did not intend to, nor did it, limit the cross-examination of the witness as lengthy interrogation continued thereafter. We are unable to hold that the Court's statement to counsel was a comment on the evidence. The trial Court has the discretion to reasonably direct the manner in which witnesses are examined and, without a clear showing of abuse of discretion or detriment to the complaining party, the trial Judge will not be held in error. Carroll v. State, 79 Tenn. 480.

■ The plaintiff consistently maintained, in his pleadings and in his presentation of the case, that he had the green light. He testified that as he crossed the center of the intersection he last observed the overhead light, and that it was green for him, and he proceeded through the intersection. He testified his vehicle was struck by defendant's vehicle on the far or north side of the intersection. The defendant maintained just as vigorously that defendant entered the intersection on a green light, and that plaintiff's vehicle suddenly appeared before him, and the collision occurred near the center lane for the westbound traffic on North Parkway. The proof regarding liability focused primarily on the color of the traffic light. There was no proof of excessive speed or faulty brakes.

In the absence of the jury, and prior to giving the charge, the trial Judge questioned both counsel regarding their respective theories of the case. Concerning liability, the trial Judge concluded under the facts as presented, the color of the light was the sole issue. He stated to counsel as follows:

"THE COURT: But I'm not going to say anything about it in the charge.

I am just going to tell them if the defendant ran the red light, or if the plaintiff entered the intersection under the green light, then he is entitled to recover.''

On the issue of liability, the Court's charge was as follows:

''Now, Jurors, from the statements made to you by the attorneys for the parties in their opening statements to you and their statements made to the Court, and under the proof in this case, I charge you that upon the issue of liability or non-liability, that you have only one issue of fact, and that issue is which of these parties ran the red light.

It is the theory of the plaintiff, Mr. Bobbitt, that he was proceeding north on McLean and entered the intersection of North Parkway on the green light and that the defendant, proceeding west on Parkway, entered the intersection on the red light.

Now, on the other hand, it is the theory of the defendant, that he was proceeding west on Parkway and entered the intersection of McLean on the green light and that plaintiff, proceeding north on McLean, entered the intersection on the red light.

So, it is a question of fact for you jurors to say which theory is correct.''

By his second Assignment of Error, plaintiff complains of the action of the trial Court in limiting its charge on the issue of liability to the color of the light. We are much in favor of the practice by the trial Courts of limiting issues and shortening charges whenever possible. Under the proof in this case, we hold the trial Judge did not abuse his discretion and was correct in limiting the issue; therefore, the second assignment is overruled.

Plaintiff submitted special requests to charge immediately following the Court's charge. The first special request was as follows:

"I further charge you that if the plaintiff Bobbitt entered the intersection on a green light he had the legal right to proceed through the intersection and it was the duty of the defendant West to permit the plaintiff to clear the intersection."

Plaintiff's third Assignment of Error complains of the refusal of the trial Court to charge the first special request heretofore set out. While we hold the trial Court was not in error in limiting the issue, we are of the opinion that the trial Judge did not properly charge the jury about the limited issue.

Under the proof in this case, the jury could have concluded that neither party "ran the red light" in the strict sense of the term. It would have done no violence to plaintiff's theory of the lawsuit for the jury to have concluded from the proof that plaintiff entered the intersection on a green light, but that it changed to red before he cleared the intersection. Yet, under the charge as given, before the defendant could be held liable, the jury was bound to determine that defendant entered the intersection on a red light. We agree with the trial Judge's statement, made to counsel prior to the giving of the charge, concerning what the Court would charge the jury. However, what he said he would charge and the actual charge materially differ as there is no instruction covering "or if the plaintiff entered the intersection under the green light, then he is entitled to recover."

The refusal to give a proper instruction applicable to the case at hand, not covered in the general charge, is

error. Kendrick v. Cisco, 81 Tenn. 247, 13 Lea 247; Cochran v. Pavise, 1 Tenn.C.C.A. (Higgins) 1. Since there was no liability issue other than the color of the light, plaintiff's first special request to charge was a correct statement of the law. See Section 59-810 T.C.A., Subsection (a) 1. The third Assignment of Error must be sustained.

█ The refusal of the trial Court to charge plaintiff's second and third special requests forms the basis of Assignments of Error IV and V. We have carefully read the special requests along with the Court's entire charge and find that the general charge adequately contains the matters requested in the special requests. The trial Court cannot be charged with error for refusing to grant a special request to charge when such special request was adequately contained in the general charge. Jack M. Bass & Co. v. Parker, 208 Tenn. 38, 343 S.W.2d 879; Wilburn v. Vernon, 60 Tenn.App. 436, 447 S.W.2d 382. Assignments of Error IV and V are respectfully overruled.

Therefore, for the reasons stated, the case is remanded to the Circuit Court of Shelby County for a new trial. Costs of the appeal are adjudged against appellee, and the costs of the lower Court will await the outcome of the new trial.

Carney, P.J., and Matherne, J., concur.